348

The State, ex rel. Shearer, Pros. Atty., *v.* Wertz, Judge.

(No. 76-1310—Decided June 29, 1977.)

*Mr. Keith A. Shearer,* prosecuting attorney, and *Mr. Mark W. Altier,* for relator.

*Mr. John H. Schuler,* for respondent.

*Per Curiam.* Respondent's journal entry, filed subsequent to the hearing on the motion for reconsideration, reads, in part, as follows:

"The Court further finds upon examination of the complete transcript that the Court's charge to the jury

on one of the elements of the crime of intimidation, that is, 'unlawful threat of harm,' may have been misleading or overbroad to the prejudice of the defendant. Therefore, the defendant is entitled to the benefit of the doubt and without this element properly defined the defendant was prejudiced and the crime of 'Intimidation' fails. The Court further finds that defendant did seasonably object to this element of the charge * * *.

"Further consideration of the evidence, the law, and the charge does, however, show that all of the elements of the lesser included offense of 'Obstructing Official Business' was proven beyond a reasonable doubt * * *."

Crim R. 33 provides, in part, as follows:

"(A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

"* * * *

"(4) That the verdict is not sustained by sufficient evidence or is contrary to law. If the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and shall pass sentence on such verdict or finding as modified;

"(5) Error of law occurring at the trial;"

Relator's principal argument is that respondent based his decision to modify the verdict solely upon his determination that an error of law had occurred at trial. Relator points out that while a new trial may be granted because of an error of law at trial, a modification of the verdict, pursuant to Crim. R. 33(A)(4), must be premised upon a finding that the verdict is not sustained by sufficient evidence, or is contrary to law.

Relator represents that he has no plain and adequate remedies available at law which might correct the alleged abuses of the trial court. Accordingly, relator would have this court issue the extraordinary writ of mandamus.

It is now well established that when reviewing a complaint in mandamus this court must determine the following questions: (1) Is the respondent under a clear legal duty to perform an official act? (2) Is there a plain and adequate remedy in the ordinary course of the law? (3) Is the action, although labeled a proceeding in mandamus, in effect an action seeking an injunction? See *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141.

Upon consideration of the excerpt from the journal entry set out above we are of the opinion that respondent was not under a clear legal duty to perform any additional official acts. It is apparent that the trial court, after finding that its charge to the jury "* * * may have been misleading or overbroad * * *," further examined the evidence of record, and although determining that the crime of intimidation was not proven, found that all the elements of the lesser-included offense were proven. Since the record relates the verdict modification to the evidence in the case before respondent, as required by Crim. R. 33(A)(4), relator's first argument is without merit. Cf. *State, ex rel. Corrigan,* v. *White* (1976), 46 Ohio St. 2d 29.

Relator argues further that the motion for reconsideration allowed by respondent was procedurally improper, constituted merely a resubmission of the motion for a new trial, and, it being untimely, respondent was without discretion or authority to consider or act upon such motion.

That Schmidt's motion for a new trial was seasonably filed is not disputed. Although this first motion was overruled, the trial court indicates in its journal entry that in the process of reviewing the motion for reconsideration respondent examined the complete transcript of the trial proceedings, apparently for the first time. This thorough review of the evidence caused the trial court to reverse itself.

It is the decision of this court that although respondent's action in the instant case was rather uncommon, it was not unlawful, and merely constituted an exercise of judicial discretion. Because mandamus does not lie to

control judicial discretion (*State, ex rel. Freeman,* v. *Court of Common Pleas* [1970], 24 Ohio St. 2d 31), relator's request for the issuance of that extraordinary writ is hereby denied.

*Writ denied.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.