[Cite as *State ex rel. Steffen v. Court of Appeals, First Appellate Dist.*, 126 Ohio St.3d 405, 2010-Ohio-2430.]

THE STATE EX REL. STEFFEN *v.* JUDGES OF THE COURT OF APPEALS FOR THE FIRST APPELLATE DISTRICT.

[Cite as *State ex rel. Steffen v. Court of Appeals, First Appellate Dist.*, 126 Ohio St.3d 405, 2010-Ohio-2430.]

*Prohibition — Appellate jurisdiction — R.C. 2945.67(A) — Court of appeals lacks jurisdiction to hear state's appeal because state did not seek leave to appeal — Writ granted.*

(No. 2009-2166 — Submitted April 20, 2010 — Decided June 3, 2010.)

IN PROHIBITION.

_____

**Per Curiam.**

{¶ 1} This is an action for a writ of prohibition to prevent court of appeals judges from proceeding in the state's appeal from the decision of a trial court granting a motion for a new trial in a capital case. Because the court of appeals patently and unambiguously lacks jurisdiction to proceed in the appeal because it was not filed pursuant to R.C. 2945.67(A) and App.R. 5(C), we grant the requested extraordinary relief.

**Facts**

{¶ 2} In 1982, relator, David J. Steffen, was indicted for aggravated murder with capital specifications, rape, and aggravated burglary. The aggravated-murder charge was based on the intentional killing of Karen Range while committing or attempting to commit rape. After a jury found him guilty of all counts and recommended the death penalty, the trial court sentenced Steffen to death for the aggravated-murder conviction and to consecutive prison terms of seven to 25 years on his remaining convictions for rape and aggravated burglary.

The court of appeals affirmed the convictions and sentence. *State v. Steffen* (Dec. 11, 1985), Hamilton App. No. C-830445, 1985 WL 4301, *18.

{¶ 3} This court affirmed the judgment of the court of appeals. *State v. Steffen* (1987), 31 Ohio St.3d 111, 31 OBR 273, 509 N.E.2d 383. We emphasized that Steffen's denial of the rape charge indicated lack of cooperation with law enforcement and that the evidence "leads to a compelling conclusion that a rape had occurred and that [Steffen] was the perpetrator." Id. at 118, fn. 11.

{¶ 4} Steffen subsequently filed a petition in a federal district court for a writ of habeas corpus. During the pendency of the federal case, the Bureau of Criminal Identification and Investigation ("BCI") conducted DNA testing of the vaginal-swab specimen taken during the victim's autopsy. DNA testing had not been available when Steffen was prosecuted. The test results eliminated him as the depositor of the semen. The federal district court then ordered the case returned to the common pleas court so that Steffen could exhaust his available state remedy for consideration of the DNA test results.

{¶ 5} In August 2006, Steffen filed a motion for leave to file a delayed motion for a new trial pursuant to Crim.R. 33 based on the newly discovered DNA test results. The state filed a response joining in Steffen's request for leave, and after the common pleas court granted him permission, Steffen filed his delayed motion for a new trial. Additional DNA testing by an outside laboratory confirmed BCI's results. The DNA on the victim's swab specimen was later matched to the DNA of a former Hamilton County Coroner's Office employee, who confessed to abusing the victim's corpse between the time of its arrival at the county morgue and the autopsy.

{¶ 6} On February 17, 2009, the court of common pleas reduced Steffen's rape conviction to attempted rape at the state's request. The court also denied Steffen's motion for a new guilt-phase trial, but granted his request for a new penalty-phase trial. The court stated that it was granting the new penalty-

phase trial "[b]ecause the jury, the trial court, and the appellate courts all based their recommendations and conclusions as to the death penalty on a finding that [Steffen] raped the victim and was lying when he said he did not."

{¶ 7} The next day, the state filed a notice of appeal from "the February 17, 2009 decision of the trial court in which the trial court granted Steffen a New Trial as to the penalty phase of his capital murder case." The state's notice of appeal was not accompanied by a motion for leave to appeal the trial court's ruling.

{¶ 8} On March 16, 2009, the common pleas court filed a journal entry, which specified as follows:

{¶ 9} "For reasons set forth in [the court's] February 17, 2009 decision, the amended motion for a new trial is DENIED as to the guilt phase proceedings, the verdict for Count Two of the indictment is MODIFIED from rape to attempted rape, and the amended motion for a new trial is GRANTED as to the penalty phase of the proceedings.

{¶ 10} "It is therefore ORDERED that Defendant David Steffen's conviction as to Count Two of the Indictment be reduced from rape to attempted rape [R.C. 2921.03 as applied to R.C. 2907.02], a felony of the second degree; and it is further

{¶ 11} "ORDERED that the previously imposed sentence of death as to Count One of the Indictment, Aggravated Murder with Capital Specifications, and the previously imposed indefinite terms of imprisonment for Count Two, Rape be VACATED, and it is further

{¶ 12} "ORDERED that this case be scheduled for a new sentencing hearing." (Capitalization sic.)

{¶ 13} Steffen filed a notice of cross-appeal from the portion of the decision denying his request for a new jury trial on the issue of guilt. Later, he filed a motion in the Court of Appeals for Hamilton County to dismiss the state's

appeal for lack of jurisdiction because the state failed to file a motion for leave to appeal the trial court's ruling concurrently with its notice of appeal. On June 5, 2009, the state filed both a memorandum opposing the motion to dismiss and a delayed motion for leave to appeal. The court of appeals denied Steffen's motion to dismiss the state's appeal because it "was taken as a matter of right under R.C. 2945.67(A)." The court also denied as moot the state's motion for leave to appeal. After the court of appeals denied Steffen's application for reconsideration of the decision denying his dismissal motion, the state filed its merit brief.

**{¶ 14}** On December 1, 2009, Steffen filed this action for a writ of prohibition to prevent respondents, the judges of the court of appeals, from proceeding on the state's appeal. The judges filed a motion to dismiss the complaint, and Steffen filed a memorandum in opposition. We granted an alternative writ and issued a schedule for the submission of evidence and briefs. *State ex rel. Steffen v. Court of Appeals, First Appellate Dist.*, 124 Ohio St.3d 1471, 2010-Ohio-354, 921 N.E.2d 244.

**{¶ 15}** This cause is now before the court for our consideration of the merits.

### Legal Analysis

*Prohibition Claim*

**{¶ 16}** To be entitled to the requested writ of prohibition, Steffen must establish that (1) the court of appeals judges are about to exercise judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009-Ohio-4986, 915 N.E.2d 633, ¶ 25. It is uncontroverted that the court of appeals judges have exercised and are continuing to exercise judicial power in the underlying criminal case by denying Steffen's motion to dismiss the state's appeal and by proceeding in the appeal.

**{¶ 17}** For the remaining requirements, "[i]f a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition * * * will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions." *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12. The dispositive issue is thus whether the court of appeals judges patently and unambiguously lack jurisdiction over the state's pending appeal.

*Patent and Unambiguous Lack of Jurisdiction*

**{¶ 18}** Section 3(B)(2), Article IV of the Ohio Constitution establishes that courts of appeals "shall have such jurisdiction *as may be provided by law* to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the courts of appeals within the district." (Emphasis added.) We have interpreted this constitutional provision to mean that "the state has no absolute right of appeal in a criminal matter unless specifically granted such right by statute." *State v. Fisher* (1988), 35 Ohio St.3d 22, 24, 517 N.E.2d 911.

**{¶ 19}** The state's right to appeal in criminal cases is governed by R.C. 2945.67(A), which provides:

**{¶ 20}** "A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case * * *."

**{¶ 21}** As we recently observed, "[w]hile R.C. 2505.03 generally provides that every final order or judgment may be reviewed on appeal, R.C. 2945.67(A) specifically governs appeals by the state in criminal and juvenile delinquency proceedings. It provides that the state may appeal as of right an order that (1)

*grants a motion to dismiss all or any part of an indictment*, complaint, or information, (2) grants a motion to suppress evidence, (3) grants a motion for the return of seized property, and (4) grants postconviction relief. It further provides that with the exception of final verdicts, the state may appeal any other decision in a criminal or juvenile delinquency proceeding by leave of the appellate court." (Emphasis sic.) *In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, ¶ 30.

{¶ 22} The court of appeals judges ruled that the court has jurisdiction over the state's appeal because the appeal is a matter of right under R.C. 2945.67(A). The judges claim that the statute authorizes the state's appeal as a matter of right without requiring the state to request leave to appeal because the decision being appealed included the trial court's modification of Steffen's rape conviction to attempted rape, which the judges claim constitutes a dismissal of the indicted rape charge.

{¶ 23} We need not determine whether the trial court's modification of Steffen's rape conviction to attempted rape constituted a dismissal in part of the indictment, however, because the state did not appeal from that decision. In fact, the state itself had requested the reduction of the rape conviction to attempted rape that the court ordered.

{¶ 24} Instead, as the plain language of the state's February 18, 2009 notice of appeal establishes, the state appealed from the common pleas court's decision to grant Steffen a new penalty-phase trial in his capital murder case. "Pursuant to R.C. 2505.02 and 2505.03(A), a trial court's order granting the defendant a new trial in a criminal case is a final appealable order which the state may appeal by leave of court." *State v. Matthews* (1998), 81 Ohio St.3d 375, 691 N.E.2d 1041, syllabus. In *Matthews*, we held that "the state may appeal from [an order granting a defendant a new trial in a criminal case] only by leave of the court to which the appeal is taken, pursuant to R.C. 2945.67(A)." Id. at 378.

{¶ 25} Notably, the primary case cited by the state in support of its claim that the trial court's decision to grant a new penalty-phase trial was appealable as a matter of right involved the state's appeal from the decisions claimed to be dismissals of the indictment or the functional equivalent thereof. See *State v. Craig*, 116 Ohio St.3d 135, 2007-Ohio-5752, 876 N.E.2d 957, syllabus (state may appeal as a matter of right from dismissal of an indictment regardless of whether the dismissal is with or without prejudice). Similar cases are limited to the state's appeals from decisions that either dismiss an indictment or are the functional equivalent of a dismissal of an indictment. See *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 13 (trial judge's sua sponte dismissal of murder charge constituted final, appealable order subject to state's appeal as a matter of right because the dismissal was equivalent to granting a motion to dismiss the indictment); *In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, syllabus (state has appeal as a matter of right from an order denying a motion for mandatory bindover because it is the functional equivalent of a dismissal of an indictment).

{¶ 26} This precedent is distinguishable from the case at bar, where the state is manifestly *not appealing from the dismissal of an indictment or its functional equivalent*. And we are forbidden to add a nonexistent provision to the plain language of R.C. 2945.67(A). See *State ex rel. Lorain v. Stewart*, 119 Ohio St.3d 222, 2008-Ohio-4062, 893 N.E.2d 184, ¶ 36 (court cannot add language to statute); *State v. Hughes* (1999), 86 Ohio St.3d 424, 427, 715 N.E.2d 540 ("In construing a statute, we may not add or delete words").

{¶ 27} Therefore, the state could not appeal the decision of the common pleas court granting Steffen a new penalty-phase trial as a matter of right. It was required to timely seek leave to appeal. "A motion for leave to appeal by the state in a criminal case shall be governed by the procedural requirements of App.R. 5 and the time requirements of App.R. 4(B)." *State v. Wallace* (1975), 43 Ohio

St.2d 1, 72 O.O.2d 1, 330 N.E.2d 697, syllabus. App.R. 5(C) provides, "When leave is sought by the prosecution from the court of appeals to appeal a judgment or order of the trial court, a motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the judgment and order sought to be appealed * * *. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and file a copy of the notice of appeal in the court of appeals."

{¶ 28} The state filed a motion for leave to appeal, but the motion was not filed within 30 days of the March 16 entry being appealed, and it was not filed concurrently with the state's notice of appeal. Because the state did not comply with the requirements of App.R. 5, the court of appeals patently and unambiguously lacked jurisdiction over the state's appeal. See generally *State v. Mitchell*, Lucas App. No. L-03-1270, 2004-Ohio-2460, ¶ 11-12; see also *State v. Tate*, 179 Ohio App.3d 71, 2008-Ohio-5686, 900 N.E.2d 1018, ¶ 51.

{¶ 29} Moreover, even if the court were to consider the state's irrelevant argument regarding the common pleas court's modification of Steffen's rape conviction to attempted rape, the state would still not prevail.

{¶ 30} In construing R.C. 2945.67(A), "our paramount concern is the legislative intent" of its enactment. *State ex rel. Steele v. Morrissey*, 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 21. To discern this intent, "[w]e consider the statutory language in context, construing words and phrases in accordance with rules of grammar and common usage." *State Farm Mut. Auto. Ins. Co. v. Grace*, 123 Ohio St.3d 471, 2009-Ohio-5934, 918 N.E.2d 135, ¶ 25. "Dismiss" means to "terminate (an action or claim) without further hearing, esp. before the trial of the issues involved." Black's Law Dictionary (9th Ed.2009) 537. The trial court did not grant a motion to dismiss the rape charge in the indictment. There was no motion to dismiss the charge or the indictment.

**{¶ 31}** Nevertheless, the judges rely on our holding in *Craig*, 116 Ohio St.3d 135, 2007-Ohio-5752, 876 N.E.2d 957, to claim that the trial court's modification of the jury verdict convicting Steffen of rape to reduce his conviction to attempted rape constituted a dismissal of the rape charge from the indictment, which authorized the state's appeal as a matter of right under R.C. 2945.67(A). In *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, we held that a court's dismissal of a murder charge on its own motion was the equivalent of a " 'decision grant[ing] a motion to dismiss' " under R.C. 2945.67(A) so as to permit the state's appeal as of right from the dismissal. Id. at ¶ 13. In *Craig*, syllabus, and ¶ 15-16, we relied on *S.J.* to hold that "[p]ursuant to R.C. 2945.67(A), the state may appeal the dismissal of an indictment whether the dismissal is with or without prejudice." Finally, in *A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, ¶ 33, we held that the state could appeal as a matter of right from a juvenile court's denial of a motion for a bindover of the case to the common pleas court to try the juvenile delinquent as an adult because it was the "functional equivalent of the dismissal of an indictment":

**{¶ 32}** "Here, however, the juvenile court did not dismiss any charge or indictment; it merely denied the motion to transfer. In doing so, however, it prevented the state from seeking a criminal indictment to try A.J.S. as an adult. Because a juvenile court order denying a motion for mandatory bindover terminates the state's ability to secure an indictment for the acts charged, its denial of a mandatory transfer is the functional equivalent of the dismissal of an indictment. Thus, the state properly appealed as of right." Id.

**{¶ 33}** *Craig*, which is cited by the judges, and *S.J.* do not support the state's claimed appeal as a matter of right in the underlying criminal case because the trial court did not dismiss the rape charge or indictment either sua sponte or on motion of a party.

**{¶ 34}** Furthermore, the trial court's modification of the jury verdict to reduce Steffen's rape conviction to a conviction for attempted rape – following trial and after the introduction of newly discovered evidence – is not the "functional equivalent" of a dismissal of the rape charge pursuant to *A.J.S.*  Id. at ¶ 33.  A motion to dismiss an indictment tests the legal sufficiency of the indictment, regardless of the quality or quantity of the evidence that may be introduced by either the state or the defendant.  See, e.g., *State v. Certain*, 180 Ohio App.3d 457, 2009-Ohio-148, 905 N.E.2d 1259, ¶ 4; *State v. Preztak*, 181 Ohio App.3d 106, 2009-Ohio-621, 907 N.E.2d 1254, ¶ 12.  These motions are generally raised prior to trial.  See Crim.R. 12(C)(2), requiring defenses and objections based on defects in the indictment to be raised before trial.  By contrast, the trial court's modification of a jury verdict is normally based on evidence that is introduced at trial.  See Crim.R. 33(A)(4); *State ex rel. Shearer v. Wertz* (1977), 50 Ohio St.2d 348, 350, 4 O.O.3d 483, 364 N.E.2d 36 ("the record relates the verdict modification to the evidence in the case before respondent, as required by Crim.R. 33(A)(4)").  Here, the modification is even further removed from the pretrial process usually associated with motions to dismiss an indictment or charges therein because it is based on newly discovered evidence – DNA test results and another's confession clearing Steffen of the rape – long after the trial of this case had concluded.  The trial court's modification of the jury verdict did not, as did the trial court's denial of the bindover in *A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, at ¶ 33, "prevent[] the state from seeking a criminal indictment" against Steffen.  In fact, the criminal indictment against Steffen had already been returned.  Therefore, the trial court's action was manifestly neither a dismissal of the rape charge in the indictment nor its functional equivalent so as to permit the state to prosecute an appeal as a matter of right from the trial court's decision.

## Conclusion

{¶ 35} Therefore, because the state's appeal in Steffen's underlying criminal case did not constitute an appeal as a matter of right under R.C. 2945.67(A) and did not comply with the requirements of App.R. 5 so as to qualify as a proper appeal by leave of court, the court of appeals judges patently and unambiguously lack jurisdiction over the state's appeal and should have granted Steffen's motion to dismiss it. "Where jurisdiction is patently and unambiguously lacking, relators need not establish the lack of an adequate remedy at law because the availability of alternate remedies like appeal would be immaterial." *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15. Steffen has established his entitlement to the requested writ of prohibition to prevent the court of appeals judges from proceeding to consider the state's pending appeal from the common pleas court's decision granting a new penalty-phase trial in the underlying criminal case. Thus, we grant a writ of prohibition to prevent the court of appeals judges from proceeding on the state's pending appeal and to compel them to dismiss the state's appeal.

Writ granted.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

LANZINGER, J., concurs in judgment only.

BROWN, C.J., not participating.

_____

**LANZINGER, J., concurring in judgment only.**

{¶ 36} The court of appeals contends that it does not patently and unambiguously lack jurisdiction over the state's appeal because the state has a right to appeal the trial court's modification of the rape count to attempted rape pursuant to R.C. 2945.67(A). However, the state requested this change and would

have no right to appeal the "dismissal" of the rape count under the invited-error doctrine. See *State v. Bey* (1999), 85 Ohio St.3d 487, 493-494, 709 N.E.2d 484.

{¶ 37} In any event, the state's appeal does not concern the amendment of the rape count, but rather the decision to grant a new trial as to the penalty phase of the proceedings. This court has previously held that a decision granting a new trial in a criminal case is a final appealable order that the state may appeal by leave of court. *State v. Matthews* (1998), 81 Ohio St.3d 375, 691 N.E.2d 1041, syllabus. Because the state did not seek leave to appeal, the court of appeals patently and unambiguously lacks jurisdiction to hear the state's appeal. I therefore concur in the judgment to grant the writ of prohibition.

_____

Dennis C. Belli; and Timothy Young, State Public Defender, and Randall L. Porter, Assistant Public Defender, for relator.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Philip R. Cummings, Assistant Prosecuting Attorney, for respondents.

_____