[Cite as *State v. Ratliff*, 2013-Ohio-3823.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120683 |
| | | C-120684 |
| Plaintiff-Appellant, | : | TRIAL NOS. 11CRB-9191(A-B) |
| vs. | : | *O P I N I O N.* |
| ADAM RATLIFF, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  September 6, 2013

*John Curp*, City Solicitor, *Charles Rubenstein*, City Prosecutor, and *Brian F. Leurck*, Assistant City Prosecutor, for Plaintiff-Appellant,

*Bradley P. Koeffell*, for Defendant-Appellee.

Please note:  this case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1}    In one assignment of error, plaintiff-appellant city of Cincinnati argues that the trial court erred when it determined that the Adam Walsh Act version of R.C. Chapter 2950 was unconstitutional and refused to apply it to defendant-appellee Adam Ratliff.  The trial court had convicted Ratliff of seven counts of voyeurism in violation of R.C. 2907.08.  Because this court lacks jurisdiction to consider the appeal, we dismiss it.

{¶2}    R.C. 2945.67(A) governs the state's ability to appeal a decision from a trial court.  The statute lists two options: appeals that do not require leave from this court, and those that do.  The instances where the state has a right to appeal, however, are limited to those (1) granting a motion to dismiss all or part of an indictment, (2) granting a motion to suppress, (3) granting a motion to return seized property, and (4) granting postconviction relief.  If the state wishes to appeal any other decision, it must seek leave to do so pursuant to App.R. 5(C).

{¶3}    In this case, the city filed its notice of appeal, but did not seek leave with the court to do so.  The decision that the Adam Walsh Act is unconstitutional is not one that can be appealed as of right.  While the Ohio Supreme Court has expanded the dismissal class of appealable cases somewhat—including what it has termed the "functional equivalent" to a dismissal—the trial court's decision here does not constitute the "functional equivalent" of dismissing an indictment or complaint. *See In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, ¶ 33.

{¶4}    As the Supreme Court noted, "because the state's appeal * * * did not constitute an appeal as a matter of right under R.C. 2945.67(A) and did not comply with the requirements of App.R. 5 so as to qualify as a proper appeal by leave of court, the court of appeals judges patently and unambiguously lack jurisdiction over

the state's appeal and should have granted [the defendant's] motion to dismiss it." *State ex rel. Steffen v. Judges of the Court of Appeals for the First Appellate Dist.*, 126 Ohio St.3d 405, 2010-Ohio-2430, 934 N.E.2d 906, ¶ 35.  It is worth noting that in the *Steffen* case, the state actually had sought permission to appeal, but it was outside the 30-day window set forth in App.R. 5.  So, even an untimely request for permission to appeal leaves this court without jurisdiction to proceed.

{¶5}     In this case, the city appealed from a decision of the trial court that it was not entitled to appeal as a matter of right, and it did not seek leave to appeal the decision as provided by App.R. 5.  Therefore, this court lacks jurisdiction to proceed, and we dismiss the appeal.

Appeal dismissed.

**CUNNINGHAM, P.J.**, and **FISCHER, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.