[Cite as *State v. Hitsman*, 2018-Ohio-5315.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 18CA0015-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOSHUA A. HITSMAN | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 17CR0823 |

DECISION AND JOURNAL ENTRY

Dated: December 31, 2018

CALLAHAN, Judge.

{¶1} Appellant, Joshua A. Hitsman, appeals orders that denied his motions to suppress and to dismiss the indictment against him. This Court affirms.

I.

{¶2} Officer Gregory Hayest responded to a call while working the nightshift on September 4, 2017, regarding three individuals smoking marijuana in an apartment complex parking lot. When he arrived at the location in question, he discovered a car that matched the description given by the caller, but it was empty. On the other side of the apartment complex, Officer Hayest noted a different car with two individuals inside and one individual outside. Officer Hayest pulled his cruiser up behind the car, exited his vehicle, and started a conversation with Mr. Hitsman, who stood alongside the parked car. During the conversation, Officer Hayest became concerned about Mr. Hitsman's behavior and the behavior of the people in the car, so he separated Mr. Hitsman from the car's occupants and asked him to empty his pockets. A

cellophane wrapper fell to the ground and, because Officer Hayest believed that it might contain heroin, he placed Mr. Hitsman under arrest. After Officer Hayest read *Miranda* warnings to Mr. Hitsman, he retrieved the cellophane wrapper and discovered a picture of SpongeBob SquarePants with perforation marks that led him to believe it contained LSD.

{¶3} Mr. Hitsman was charged with trafficking in LSD in violation of R.C. 2925.03(A)(1)/(C)(5)(c). He moved to suppress all of the evidence seized and all of his statements made after his arrest, arguing that Officer Hayest's conversation with him amounted to a warrantless stop and was not supported by a reasonable, articulable suspicion of criminal activity. He also argued that Officer Hayest's request for him to empty his pockets as part of a weapons frisk was unjustified. Consequently, Mr. Hitsman maintained that all of the evidence gained as a result constituted fruit of the poisonous tree.

{¶4} Mr. Hitsman also moved to dismiss the indictment, arguing that because testing had demonstrated that the LSD he possessed was counterfeit, the State was required to charge him with trafficking in a counterfeit controlled substance in violation of R.C. 2925.37(B) instead of trafficking in a controlled substance in violation of R.C. 2925.03(A)(1).

{¶5} The trial court denied both motions, and Mr. Hitsman pleaded no contest to the charge against him. The trial court sentenced him to three years of community control, including a residential sanction of 180 days in the Medina County Jail. Mr. Hitsman appealed.

II.

**ASSIGNMENT OF ERROR NO. 1**

[THE] TRIAL COURT ERRED IN FAILING TO SUPPRESS THE EVIDENCE SEIZED BY THE ARRESTING OFFICER AS BEING IN VIOLATION OF HIS RIGHT AGAINST UNREASONABLE SEARCH AND SEIZURE.

{¶6}   Mr. Hitsman's first assignment of error challenges the trial court's order denying his motion to suppress.  As an initial matter, this Court notes that Mr. Hitsman's brief does not comply with App.R. 16(A) and Loc.R. 7(B).  The brief does not contain references to the record in support of his argument.  App.R. 16(A)(7); Loc.R. 7(B)(7).  In addition, the brief does not articulate the standards of review applicable to Mr. Hitsman's arguments.  *See* Loc.R. 7(B)(7). More fundamentally, however, this Court notes that the substance of Mr. Hitsman's argument consists entirely of the text of his motion to suppress.  He has not argued any error in the trial court's decision, nor are his legal arguments supported by references to the record of the hearing conducted after his motion was filed.

{¶7}   This Court's review of the trial court's ruling on the motion to suppress presents a mixed question of law and fact.  *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. The trial court acts as the trier of fact during a suppression hearing and is best equipped to evaluate the credibility of witnesses and resolve questions of fact.  *Id.*; *State v. Hopfer*, 112 Ohio App.3d 521, 548 (2d Dist.1996), quoting *State v. Venham*, 96 Ohio App.3d 649, 653 (4th Dist.1994).  Consequently, this Court accepts a trial court's findings of fact if supported by competent, credible evidence.  *Burnside* at ¶ 8.  Once this Court has determined that the trial court's factual findings are supported by the evidence, we consider the trial court's legal conclusions de novo.  *See id.*  In other words, this Court then accepts the trial court's findings of fact as true and "must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard."  *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997).

{¶8}   Mr. Hitsman has not challenged the trial court's findings of fact.  Instead, his argument appears to be that the trial court's ultimate conclusion is not supported by competent,

credible evidence. In that respect, Mr. Hitsman has not addressed the trial court's conclusions that the initial encounter between him and Officer Hayest was consensual and that Officer Hayest later had reasonable, articulable suspicion to detain Mr. Hitsman away from his vehicle. Mr. Hitsman appears to argue that Officer Hayest did not have a reasonable suspicion that he was armed and dangerous to justify the weapons frisk. He also seems to suggest that the request to empty his pockets constituted a separate aspect of the weapons frisk for which Officer Hayest was not warranted in his concern for his safety. Mr. Hitsman has not developed a separate argument with respect to the request to empty his pockets and, in fact, treats the course of events as one weapons frisk. Accordingly, our discussion is limited to the issue of whether the trial court erred by concluding that the weapons frisk was proper. Because this is a challenge to the trial court's legal conclusion, this Court's review is de novo. *See Burnside* at ¶ 8.

{¶9} The trial court noted that Officer Hayest responded to a call regarding three individuals smoking marijuana in a vehicle parked in the parking lot of an apartment complex. As the trial court observed, Officer Hayest located an empty vehicle with a similar license plate, then drove around the apartment complex, where he noticed a man standing outside a parked car. The man, Mr. Hitsman, was "unsteady on his feet and swaying and holding onto the car," which prompted Officer Hayest to turn around and drive past the car again. The trial court noted that when Officer Hayest returned, Mr. Hitsman was on the ground looking for something in or around the car. According to the trial court's findings, at that point, Officer Hayest stopped the car, approached Mr. Hitsman, and engaged him in conversation. He observed that Mr. Hitsman spoke "slowly and lethargically" and that his eyes were bloodshot. Officer Hayest also noted that Mr. Hitsman attempted to light the wrong end of a cigarette.

{¶10} The trial court found that Officer Hayest recognized Mr. Hitsman and the backseat passenger from a previous encounter near the same location. During that earlier encounter, a caller complained that he had been threatened by the two men, one of whom carried a firearm. In light of this experience, and because there were still multiple passengers in the vehicle, Officer Hayest "was not comfortable with his safety." At that point, the trial court found, Officer Hayest separated Mr. Hitsman from the vehicle and its passengers, decided to conduct a pat-down for weapons, and asked Mr. Hitman to empty his pockets.

{¶11} During a warrantless stop, a law enforcement officer may conduct a reasonable search for weapons for his or her own protection when "a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Terry v. Ohio*, 392 U.S. 1, 27 (1968). *See also State v. Bobo*, 37 Ohio St.3d 177 (1988), paragraph two of the syllabus. In other words, "to proceed from a stop to a frisk, the police officer must reasonably suspect that the person stopped is armed and dangerous." *Arizona v. Johnson*, 555 U.S. 323, 326-327 (2009). In this determination "due weight must be given * * * to the specific reasonable inferences which [an officer] is entitled to draw from the facts in light of his experience." *Terry* at 27. An officer's previous experience with the subject of a stop is one factor that may be considered when evaluating whether a weapons frisk is reasonable. *See*, *e.g.*, *State v. Randleman*, 108 Ohio App.3d 468, 473 (3d Dist.1995).

{¶12} The totality of the circumstances supports the trial court's conclusion that Officer Hayest reasonably perceived a threat to his safety and acted accordingly. Officer Hayest responded to the call that led him to Mr. Hitsman while working the overnight shift without backup. He had previously responded to an incident of threatened physical harm at the same location. That incident involved Mr. Hitsman and one of his passengers, and the person who

reported the incident to police indicated that one of the men carried a firearm. During this encounter, Officer Hayest noted that the backseat passenger repeatedly reached for something in the car.

{¶13} Consequently, the trial court did not err by concluding that the weapons frisk was justified in light of the circumstances surrounding Officer Hayest's encounter with Mr. Hitsman, and his first assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT [ERRED] BY FAILING TO DISMISS THE INDICTMENT WHEN IT BECAME OBVIOUS THAT THE ITEMS SEIZED WERE COUNTERFEIT DRUGS.

{¶14} As with Mr. Hitsman's first assignment of error, the argument that follows Mr. Hitsman's statement of his second assignment of error consists entirely of the text of trial counsel's motion to dismiss the indictment. In that motion, Mr. Hitsman argued that the trial court was required to dismiss the indictment that charged him with trafficking in LSD once testing confirmed that the substance was counterfeit.

{¶15} Crim. R. 12(C) provides that "[p]rior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue" including "[d]efenses and objections based on defects in the indictment[.]" When a defendant moves to dismiss an indictment, the threshold question is whether the trial court can determine the motion without reference to the general issue to be tried. *State v. Palmer*, 131 Ohio St.3d 278, 2012-Ohio-580, ¶ 22, citing *State v. Brady*, 199 Ohio St.3d 375, 2008-Ohio-4493, ¶ 18. This is because "[a] motion to dismiss an indictment tests the legal sufficiency of the indictment, regardless of the quality or quantity of the evidence that may be introduced by either the state or the defendant." *State ex rel. Steffen v. Judges of the Court of*

*Appeals for the First Appellate District*, 126 Ohio St.3d 405, 2010-Ohio-2430, ¶ 34. *See also State v. Preztak*, 181 Ohio App.3d 106, 2009-Ohio-621, ¶ 12 (8th Dist.); *State v. Certain*, 180 Ohio App.3d 457, 2009-Ohio-148, ¶ 5 (4th Dist.).

{¶16} Mr. Hitsman's motion to dismiss could be construed as an argument that he could not be charged under R.C. 2925.03(A)(1) solely because the particular drugs at issue in this case were discovered to be counterfeit. In that regard, his motion was properly denied because it could not be determined before trial without reference to the matters to be tried. *See* Crim.R. 12(C); *Palmer*, at ¶ 22, citing *Brady* at ¶ 18. "[A] pretrial motion, such as a motion to dismiss, must not entail a determination of the sufficiency of the evidence to support the indictment because such a determination cannot properly be made until, at the earliest, the conclusion of the state's case in chief and pursuant to a Crim.R. 29(A) motion." *State v. Kolat*, 11th Dist. Lake No. 2001-L-117, 2002-Ohio-4699, ¶ 16, citing *State v. Abercrombie*, 12th Dist. Clermont No. CA2001–06–057, 2002-Ohio-2414, ¶ 18. With respect to such a motion testing the sufficiency of the evidence, however, it is well-established that "One's understanding of the nature of the substance does not necessarily determine whether he or she knowingly offered to sell a controlled substance * * * [and] the failure to transfer a controlled substance is not an automatic or absolute defense to an indictment alleging that the defendant offered to sell a controlled substance." (Emphasis omitted.) *State v. Patterson*, 69 Ohio St.2d 445, 447 (1982). *See also State v. Chandler*, 109 Ohio St.3d 223, 2006-Ohio-2285, ¶ 9, citing *Patterson* at 447.

{¶17} Our discussion of Mr. Hitsman's second assignment of error cannot end there, however. In his motion to suppress and his appellate brief, he developed another argument in detail: that the trial court erred by failing to dismiss the indictment before trial because R.C.

2925.37(B) is a specific statute that prevails over R.C. 2925.03(A)(1), requiring application of R.C. 1.51.

{¶18} R.C. 1.51 provides:

If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail.

When no conflict exists between two statutes, resort to R.C. 1.51 is unnecessary. *Sutherland-Wagner v. Brook Park Civ. Serv. Comm.*, 32 Ohio St.3d 323, 325 (1987). *See also State v. Conyers*, 87 Ohio St.3d 246, 249 (1999), citing *Sutherland-Wagner* at 325. In the context of criminal offenses, the Ohio Supreme Court has noted that "it is critical in the first instance to determine whether the statutes upon which the prosecution seeks to proceed are general, special or local. If the statutes are general and do not involve the same or similar offenses, then R.C. 1.51 is inapplicable." *State v. Chippendale*, 52 Ohio St.3d 118, 120.

{¶19} A "general" statute is one that is "'universal, not particularized, as opposed to special.'" *Conyers* at 250, quoting Black's Law Dictionary 682 (6th Ed.1990). Both R.C. 2925.03(A)(1) and R.C. 2925.37(B) are general provisions: R.C. 2925.03(A)(1) prohibits selling or offering to sell controlled substances, while R.C. 2925.37(B) prohibits making, selling, offering to sell, or delivering any substance known to be a counterfeit controlled substance. R.C. 2925.37(B) does not carve out an exception to R.C. 2925.03(A)(1), nor does it describe a more specific manner in which trafficking in a controlled substance may be committed. *Compare Chippendale* at 121 (explaining that "R.C. 2903.04(B), which pertains to the commission of a misdemeanor that proximately causes the death of another, is a general provision" but "R.C. 2903.06 and 2903.07, which pertain to recklessly or negligently causing the death of another

while operating a specified vehicle, are special provisions.") R.C. 2925.03(A)(1) and R.C. 2925.37(B) do not proscribe the same conduct, one in general terms and one in specific terms; they proscribe different conduct altogether. *See Chippendale* at 121. Because R.C. 2925.03(A)(1) and R.C. 2925.37(B) do not conflict, this Court need not engage in an analysis under R.C. 1.51, and Mr. Hitsman's motion to dismiss the indictment was properly denied on that basis alone. *Compare Conyers* at 249.

{¶20} Mr. Hitsman's second assignment of error is overruled.

### III.

{¶21} Mr. Hitsman's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.

APPEARANCES:

RICHARD BARBERA, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.