[Cite as *State v. Hays*, 2020-Ohio-2919.]

STATE OF OHIO         )               IN THE COURT OF APPEALS
                          )ss:          NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

STATE OF OHIO                       C.A. No.     29506

     Appellee

     v.                             APPEAL FROM JUDGMENT
                                 ENTERED IN THE
TERENCE HAYS                  COURT OF COMMON PLEAS
                                 COUNTY OF SUMMIT, OHIO
     Appellant                 CASE No.    CR 14 12 3781(B)

DECISION AND JOURNAL ENTRY

Dated: May 13, 2020

CARR, Judge.

{¶1}   Defendant-Appellant Terence Hays appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}   On December 17, 2014, Troopers Rick Caraway and Eric Golias were training with Sergeant Stacy Arnold in criminal interdiction. The three were in a marked cruiser stationed in the median area of the Ohio turnpike facing eastbound traffic. Sergeant Arnold was in the driver's seat. There were three lanes of eastbound traffic in the area where they were stationed. They observed a silver vehicle traveling in the center lane going 65 m.p.h. in a 70-m.p.h. zone. The driver, who was subsequently identified as Hays, was looking straight ahead and the front seat passenger appeared to be looking down at the floorboards. After the vehicle passed the cruiser, the vehicle braked and slowed down more. The vehicle had Nebraska plates.

{¶3} Sergeant Arnold, after talking to the two other troopers, left the median and began following the silver vehicle. Trooper Caraway observed the silver vehicle drift over into the right lane for approximately 30 to 40 yards and then drift back. After observing the traffic violation, Sergeant Arnold activated the cruiser's lights and sirens and initiated a traffic stop. The silver vehicle pulled over.

{¶4} Trooper Caraway went up towards the silver vehicle and motioned Hays to come to Trooper Caraway. Hays grabbed an envelope from the visor of the silver car and jogged to Trooper Caraway. Hays produced his license, registration, and proof of insurance. While Hays had Nebraska plates, his license was issued in Colorado. Hays explained that he had a house in Colorado and that he and the passenger were driving to Boston to visit friends for the holidays. Trooper Caraway then gave the information to Trooper Golias so that Trooper Golias and Sergeant Arnold could run the information.

{¶5} Trooper Caraway then approached the passenger, who was looking down at a tablet on her lap. When he tapped on the window, the passenger looked up and appeared very startled. The passenger rolled down her window and provided Trooper Caraway with her New Jersey license. She told Trooper Caraway that they were heading to Boston for a vacation and that they were staying at a hotel, but she did not know which one.

{¶6} Trooper Caraway was concerned that, inter alia, Hays' and the passenger's stories differed and that they were not on the most direct route to Boston. Trooper Caraway returned to the cruiser and had Hays return to his vehicle. Trooper Caraway discussed what he had learned with Trooper Golias and Sergeant Arnold. Trooper Caraway then requested that a K-9 be dispatched to the scene.

{¶7} When the K-9 arrived on the scene, the criminal history checks had not come back yet. The K-9 was walked around the vehicle and the dog alerted on the trunk area. The vehicle was then searched and over 200 pounds of marijuana was recovered from the vehicle. According to Trooper Caraway, after the K-9 alerted, the criminal history check came back indicating that both Hays and the passenger had histories of trafficking in narcotics.

{¶8} An indictment was filed February 2015, charging Hays with one count of trafficking in marijuana and one count of possession of marijuana. Both counts included a forfeiture specification. Hays filed a motion to suppress/motion in limine. Hays challenged the basis of the stop and the length of the detention. A hearing was held on the motion. After the hearing, Hays filed a supplemental brief. Thereafter, the trial court issued an entry denying the motion to suppress.

{¶9} Ultimately, Hays entered a plea of no contest to the indictment. At the time of sentencing, the trial court merged the possession count into the count for trafficking. Hays was sentenced to five years in prison.

{¶10} Hays has appealed, raising a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION IN LIMINE, MOTION TO SUPPRESS AND FAILED TO SUPPRESS EVIDENCE SEIZED AS A RESULT OF APPELLANT'S ARREST ON DECEMBER 17, 2014, ALL IN VIOLATION OF APPELLANT'S RIGHTS AS SECURED BY AMEND. IV, U.S. CONST. AND APPELLANT'S RIGHTS TO DUE PROCESS IN AMEND. V, U.S. CONST. AND HIS RIGHTS AS SECURED UNDER ART. I, SEC. 10 OF THE OHIO CONSTITUTION.

{¶11} Hays argues that the trial court erred in denying his motion to suppress. Specifically, Hays maintains that the duration of the stop was violative of *Rodriguez v. United*

*States*, 575 U.S. 348 (2015). Hays essentially asserts that the request for Hays' and the passenger's criminal histories was improperly delayed to allow time for the K-9 to arrive and conduct a sniff of the vehicle. Hays also argues that the officers lacked reasonable suspicion to extend the duration of the stop in order to conduct the K-9 sniff of the vehicle.

{¶12} A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Burnside* at ¶ 8. "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706, (4th Dist. 1997).

{¶13} In *Rodriguez*, the Supreme Court addressed "whether the Fourth Amendment tolerates a dog sniff conducted after completion of a traffic stop." *Rodriguez* at 350. The Court held "that a police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures. A seizure justified only by a police-observed traffic violation, therefore, become[s] unlawful if it is prolonged beyond the time reasonably required to complete th[e] mission of issuing a ticket for the violation." (Internal quotations and citations omitted.) *Id.*

{¶14} Here, not only did Trooper Caraway and Sergeant Arnold testify at the suppression hearing, but the video of the traffic stop was also played and admitted into evidence. That video is referenced in the trial court's entry denying the motion to suppress and also in Hays' brief on

appeal. Unfortunately, that video is not a part of this Court's record on appeal. In fact, none of the exhibits admitted at the suppression hearing are part of this Court's record on appeal. Notably, the notice from the clerk of courts, filed in this Court's record, specifically notified the parties that no exhibits were filed. This notice was also sent to the attorneys of record. It was Hays' burden on appeal to ensure that the record on appeal was complete. *See State v. Filip*, 9th Dist. Medina No. 16CA0049-M, 2017-Ohio-5622, ¶ 16. Under these circumstances, we cannot properly evaluate whether the trial court erred in concluding that Hays was not improperly detained as we cannot review the video that documented the traffic stop. *See id.* "Thus, we are required to presume regularity in the proceedings and affirm the trial court's judgment on that basis." *Id.*

{¶15} Hays' assignment of error is overruled on that basis.

### III.

{¶16} Hays' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

SCHAFER, J.
CONCURS.

CALLAHAN, P. J.
DISSENTING.

{¶17} When an appellant does not challenge the trial court's findings of fact in a suppression case, this Court may accept them as true and review the trial court's legal conclusions de novo. *See State v. Hitsman*, 9th Dist. Medina No. 18CA0015-M, 2018-Ohio-5315, ¶ 7-8. *See generally State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8, citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997). I agree that when an appellant fails to ensure that the record on appeal contains everything necessary to review the assignments of error asserted, this Court has no choice but to presume regularity and affirm. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). On the other hand, when this Court can review an assignment of error without reference to the missing parts of the record, we should do so.

{¶18} In this case, the trial court issued detailed findings of fact, which Mr. Hays did not challenge. Those findings of fact are sufficient to permit this Court to review the legal issues raised in his assignment of error. I would, therefore, address the merits of his argument.

{¶19} I respectfully dissent.

APPEARANCES:

LAWRENCE J. WHITNEY, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO GUEST, Assistant Prosecuting Attorney, for Appellee.