[Cite as *State v. Johnson*, 2021-Ohio-81.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee          :  Appellate Case No. 28408
                                       :
v.                                     :  Trial Court Case No. 2018-CR-3767/2
                                       :
DWAYNE A. JOHNSON                      :  (Criminal Appeal from
                                       :  Common Pleas Court)
    Defendant-Appellant         :
                                       :

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of January, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

THOMAS W. KIDD, JR., Atty. Reg. No. 0066359, 8913 Cincinnati-Dayton Road, West Chester, Ohio 45069
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

**{¶ 1}** Dwayne A. Johnson was convicted of theft following a no contest plea and was sentenced to community control sanctions. On appeal, counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating he is unable to find any potentially meritorious appellate issues. After an independent review of the record, we agree. Thus, the trial court's judgment will be affirmed.

## Facts and Procedural History

**{¶ 2}** Johnson, along with two co-defendants, was indicted on one count of theft based on the theft of merchandise from the JCPenney located within the Dayton Mall. Johnson and his co-defendants stole items with an aggregate value exceeding $1,000, and they were indicted for theft as a fifth degree felony. Johnson filed a motion to dismiss, asserting that the State had improperly aggregated the value of the merchandise stolen by defendants to arrive at "a felony level crime." The trial court overruled the motion to dismiss. Johnson then pleaded no contest to the indicted offense. Following completion of a presentence investigation report, he was sentenced to community control sanctions. This appeal followed.

**{¶ 3}** Original appellate counsel filed an *Anders* brief, but we rejected the brief because the record did not include transcripts of the plea and sentencing hearings. New counsel was appointed, and the record has been appropriately supplemented. As noted, new counsel has also filed an *Anders* brief, including a request that counsel be allowed to withdraw. Johnson was notified of his right to file a pro se brief by October 28, 2020. No brief has been filed.

## *Anders* Standard

{¶ 4} Upon the filing of an *Anders* brief, an appellate court has a duty to determine, "after a full examination of the proceedings," whether the appeal is, in fact, "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493; *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous based upon a conclusion that the State has a strong responsive argument. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. A frivolous issue, instead, is one about which, "on the facts and law involved, no responsible contention can be made that offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. If we find that any issue is not wholly frivolous, we must reject the *Anders* brief and appoint new counsel to represent the appellant.

### *Anders* Analysis

{¶ 5} Consistent with his duties under *Anders*, counsel suggests the following as a potential assignment of error: "* * * the trial court err[ed] in denying Johnson's motion to dismiss[.]" We conclude that, if presented, such an assignment of error would be wholly frivolous.

{¶ 6} Johnson's motion to dismiss requested the trial court "to dismiss the * * * charge of theft under * * * R.C. 2913.02(A)(1), as a felony of the [fifth] degree * * * [because] the facts do not fit the elements of a felony theft." More specifically, Johnson's motion argued as follows:

> * * * [Johnson] has been charged with a fifth degree felony by
> aggregating the amount taken by the three (3) codefendants to reach
> the felony statutory amount of $1,000.00 or more. At most, the
> Defendant here should only be charged for one-third of the alleged items

taken or $716.24 of value. Aggregating items to reach the required felony amount is not within the statutory scope of the Ohio theft statute, O.R.C. 2913.02(A)(1).

{¶ 7} Though not so designated, Johnson's motion was filed under Crim.R. 12(C), since it asserts a defect in the indictment. A "motion to dismiss [under Crim.R. 12(C)(2)] tests the legal sufficiency of [an] indictment, regardless of the quality or quantity of the evidence that may be introduced [at trial either by] the state or [by] the defendant." (Citations omitted.) *State ex rel. Steffen v. Court of Appeals, First Appellate District,* 126 Ohio St.3d 405, 2010-Ohio-2430, 934 N.E.2d 906, ¶ 34; *State v. Pointer*, 193 Ohio App.3d 674, 2011-Ohio-1419, 953 N.E.2d 853, ¶ 16 (2d Dist.), citing *Steffen* at ¶ 34. When presented with a motion to dismiss an indictment, a trial court should determine only "whether the allegations [describe one or more] offenses under Ohio criminal law." *State v. Patterson*, 63 Ohio App.3d 91, 95, 577 N.E.2d 1165 (2d Dist.1989); *see also* Crim.R. 7(B). The question of whether the evidence is sufficient to support a conviction must be left for a trial on the merits. *Pointer* at ¶ 16. On appeal, a trial court's ruling on a motion under Crim.R. 12(C)(2) is reviewed de novo. *State v. Thornsbury*, 4th Dist. Lawrence No. 12CA9, 2013-Ohio-1914, ¶ 6.

{¶ 8} The State responded to Johnson's motion by noting that the State's theory was that Johnson acted in concert with two co-defendants, that the value of the items stolen by the three defendants exceeded $1,000, and that, at trial, Johnson could be found guilty as a principal offender or as an aider and abettor under R.C. 2923.03(A)(2). That statute states that "[n]o person, acting with the kind of culpability for the commission of an offense, shall * * * [a]id or abet another in committing the offense." The State further

accurately pointed out that under R.C. 2923.03(F), a "charge of complicity may be stated in terms of [R.C. 2923.03], or in terms of the principal offense." The trial court agreed with the State's argument and, on this basis, overruled the motion to dismiss.

{¶ 9} The indictment charged as follows:

**THE GRAND JURORS** of the County of Montgomery, in the name, and by the authority of the State of Ohio, upon their oaths do find and present that:

**PAMELA J. JOHNSON, DWAYNE A. JOHNSON AND WILLIAM D. REEVES**, on or about **SEPTEMBER 19, 2018** *in the County of Montgomery, aforesaid, and State of Ohio*, with purpose to deprive the owner, to-wit: J.C. PENNEY of property or services, did knowingly and without the consent of the owner or person authorized to give consent, obtain or exert control over said owner's property or services, to-wit: MERCHANDISE, having a value of One Thousand Dollars ($1,000.00) or more but less than $7,500.00; contrary to the form of the statute (in violation of Section 2913.02(A)(1) of the Ohio Revised Code) * * * .

The indictment charged a violation of R.C. 2913.02(A)(1) as a fifth degree felony. As discussed, this is the only determination a trial court needs to make when ruling upon a Crim.R. 12(C) motion to dismiss an indictment. If Johnson had not entered a plea, the issue of whether the evidence were sufficient to establish theft as a fifth degree felony, under a complicity theory or otherwise, would have been resolved at a trial on the merits. Thus, any argument that the trial court erred by overruling Johnson's motion to dismiss would be wholly frivolous.

{¶ 10} In addition, we have reviewed the entire record, including the transcripts of

the plea and sentencing hearings. This review has not revealed any potentially meritorious appellate issues. Given this, the trial court's judgment will be affirmed.

## Conclusion

{¶ 11} Counsel is granted permission to withdraw. The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Thomas W. Kidd, Jr.
Dwayne A. Johnson
Hon. Richard Skelton