In re K.S.

[Cite as *In re K.S.*, 192 Ohio App.3d 472, 2011-Ohio-755.]

Court of Appeals of Ohio,
Second District, Miami County.

No. 2010–CA–36.

Decided Feb. 16, 2011.

John Wannemacher, for appellee, K.S.

Robert Long, for appellant, the State of Ohio.

Per Curiam.

{¶ 1} On January 5, 2011, this court ordered appellant, the state of Ohio, to show cause why the above-captioned matter should not be dismissed for lack of jurisdiction. The state filed a response on January 14, 2011.

{¶ 2} The record shows that a notice of appeal has been filed from the November 12, 2010 "Judgment Entry Determining Classification and Registration" rendered by the Miami County Common Pleas Court, Juvenile Division, in case No. 21020735. There, K.S., a minor child, was adjudicated delinquent for the commission of attempted rape, a felony of the second degree if committed by an adult. Disposition occurred on November 2, 2010. Subsequently, the trial court classified K.S. as a Tier II Juvenile Sexual Offender Registrant under R.C. 2151.82(A), with a duty to register under R.C. 2950.04.

{¶ 3} At the time it filed its notice of appeal, the state did not seek leave to appeal pursuant to R.C. 2945.67(A) and App.R. 5(C). R.C. 2945.67(A) authorizes the state to appeal as a matter of right any decision of a juvenile court in a delinquency case that "grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief." The statute further provides that the state may appeal, in accordance with R.C. 2953.08, "a sentence imposed upon a person who is convicted of or pleads guilty to a felony." For any other decision, with the exception of a final verdict, the state must seek leave to appeal, and in doing so, comply with the requirements of App.R. 5(C).

{¶ 4} In its response to this court's order to show cause, the state argues that leave was not required because it is entitled to appeal the November 12, 2010 judgment entry as a matter of right under R.C. 2953.08(B)(2), which provides:

{¶ 5} "(B) In addition to any other right to appeal and except as provided in division (D) of this section, a prosecuting attorney, a city director of law, village solicitor, or similar chief legal officer of a municipal corporation, or the attorney general, if one of those persons prosecuted the case, may appeal as a matter of right a sentence imposed upon a defendant who is convicted of or pleads guilty to a felony or, in the circumstances described in division (B)(3) of this section the modification of a sentence imposed upon such a defendant, on any of the following grounds:

{¶ 6} " * * *

{¶ 7} "(2) The sentence is contrary to law."

{¶ 8} It is the state's contention that an appeal as of right under R.C. 2953.08(B)(2) is warranted in this matter because K.S. was adjudicated delinquent of attempted rape, a crime that constitutes a felony of the second degree if committed by an adult.

{¶ 9} Upon consideration, this court does not find the state's argument well taken.

{¶ 10} R.C. 2953.08 authorizes appeals based upon the felony-sentencing guidelines, and, therefore, pertains to adult sentencing. *In re Keith* (Sept. 25, 2001), Franklin App. No. 01AP–228, 2001 WL 1117676, at *2. The fact that K.S. was adjudicated delinquent for committing a crime that *would* constitute a felony of the second degree if committed by an adult does not subject him to sentencing under the felony-sentencing guidelines. Instead, disposition in the underlying case was governed by R.C. 2152.01 et seq., where emphasis is placed on rehabilitation over punishment. *State v. D.H.*, 169 Ohio App.3d 798, 2006-Ohio-6953, 865 N.E.2d 90, at ¶ 62. Thus, this court is not persuaded that the state is entitled to an appeal as of right under R.C. 2953.08.

{¶ 11} Under R.C. 2945.67, the state was required to seek leave in order to challenge the November 12, 2010 judgment on appeal. As an alternative to its argument above, the state has asked to move for leave to appeal at this time. App.R. 5(C) provides, "When leave is sought by the prosecution from the court of appeals to appeal a judgment or order of the trial court, a motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the judgment [or] order sought to be appealed and shall set forth the errors that the movant claims occurred in the proceedings of the trial court. * * * Concurrently with the filing of the motion, the movant shall file with the clerk of the trial

court a notice of appeal in the form prescribed by App.R. 3 and filed a copy of the notice of appeal in the court of appeals."

{¶ 12} A motion for leave to appeal by the state under R.C. 2945.67(A) is governed by the procedural requirements of App.R. 5 and the time requirements of App.R. 4. See *State ex rel. Steffen v. Court of Appeals, First Appellate Dist.*, 126 Ohio St.3d 405, 2010-Ohio-2430, 934 N.E.2d 906, at ¶ 27. In circumstances where the prosecution initiates an appeal without filing the requisite motion for leave to appeal, the court of appeals must dismiss the case for lack of jurisdiction. (Citations omitted.) *In re T.A.*, Franklin App. No. 07AP–327, 2007-Ohio-4417, 2007 WL 2421794, at ¶ 6. Because the state failed to seek leave when it filed its notice of appeal, this court is without jurisdiction to proceed. The state's alternative request for leave to appeal at this time is denied.

{¶ 13} Accordingly, the above-captioned appeal is hereby dismissed.

So ordered.

FAIN, DONOVAN, and FROELICH, JJ., concur.