[Cite as *State v. Roey*, 2012-Ohio-2207.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

## JOURNAL ENTRY AND OPINION
### No. 97484

# STATE OF OHIO

## PLAINTIFF-APPELLANT

vs.

# ARAMIS ROEY

## DEFENDANT-APPELLEE

## JUDGMENT:
### AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-529307

**BEFORE:** Cooney, J., Celebrezze, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 17, 2012

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

By: Daniel T. Van
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Walter Camino
5300 Parkside Trail
Solon, Ohio 44139

Robert L. Tobik
Chief Public Defender
By:   Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

{¶1} Plaintiff-appellant, the state of Ohio ("State"), appeals the trial court's granting defendant-appellee, Aramis Roey's ("Roey"), motion to withdraw his guilty plea and to dismiss the indictment. Finding no merit to this appeal, we affirm.

{¶2} In October 2008, Roey was found delinquent of attempted rape and received a disposition of community control sanctions. The act of attempted rape occurred in August 2007. He was classified as a juvenile sexually oriented offender under Megan's Law and was required to verify his address annually for ten years.

{¶3} As a result of the Ohio General Assembly enacting S.B. 10, a.k.a. the Adam Walsh Act ("AWA"), Roey was reclassified by the Ohio attorney general as a Tier III juvenile sex offender. This new classification required Roey to verify his address every 90 days for life. R.C. 2152.82.

{¶4} In October 2009, Roey was charged with violating a provision of the AWA for failing to verify his address on August 5, 2009. He pled guilty and was sentenced to community control. He subsequently violated his community control sanctions and was sentenced to eight years in prison for his original felony conviction.

{¶5} In 2010, the Ohio Supreme Court issued its decision in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, declaring that the retroactive reclassification of previously convicted sexual offenders under Ohio's AWA was

unconstitutional. Based on the *Bodyke* decision, Roey filed a Crim.R. 32.1 motion to withdraw his guilty plea. The court granted the motion and dismissed the indictment.

{¶6} The State now appeals, raising two assignments of error.

Motion to Withdraw Guilty Plea

{¶7} In its first assignment of error, the State argues that the trial court erred in granting Roey's motion to withdraw his guilty plea. The State argues that Roey's underlying conviction was based on a lawful reclassification that subjected Roey to registration under the AWA.

{¶8} The State derives its right to appeal in criminal cases from R.C. 2945.67(A), which "draws a distinction between an appeal as of right and an appeal by leave." *State v. Matthews*, 81 Ohio St.3d 375, 377, 691 N.E.2d 1041 (1998). R.C. 2945.67(A) defines the circumstances under which the State has an absolute right of appeal, and states, in pertinent part:

> A [prosecutor] * * * may appeal as a matter * * * [of] right any decision of a trial court in a criminal case * * * which decision grants (1) a motion to dismiss all or any part of an indictment, complaint, or information, (2) a motion to suppress evidence, or (3) a motion for the return of seized property or (4) grants post conviction relief * * * and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case * * *.

{¶9} The State filed a timely notice of appeal. However, because the State's challenge to the motion to withdraw guilty plea is discretionary, the State was also required to seek leave to appeal. "[A] motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the judgment and order sought to be

appealed * * *."    App.R. 5(A). "[T]he filing of a motion for leave to appeal by the state in a criminal case is jurisdictional, and the failure to take that action within thirty days is fatal." *State v. Gowdy*, 95 Ohio App.3d 628, 630, 643 N.E.2d 175 (2d Dist.1994); *see also Garfield Hts. v. Turpin*, 8th Dist. No. 74920, 1999 WL 820537 (Oct. 14, 1999) ("the court declined to grant the prosecution leave to appeal where the prosecution did not file a motion for leave to appeal, and there were other cases which reached the issue which the prosecution sought to raise"); *State v. Torres*, 8th Dist. Nos. 96930 and 96931, 2012-Ohio-922.

{¶10} The State failed to seek leave to properly appeal the issue raised in its first assignment of error, and therefore, we decline to address it.

Motion to Dismiss Indictment

{¶11} In its second assignment of error, the State argues that the court erred in granting Roey's motion to dismiss the indictment.

{¶12} The State concedes that this court has recently rejected this argument but merely seeks to preserve the issue for future review.   *See State v. Faranda*, 8th Dist. No. 96807, 2011-Ohio-6083 ("We find no distinction between adult and juvenile defendants with respect to the Ohio Supreme Court's holding in *Williams*.").

{¶13} Despite the State's argument that *Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, does not apply to juvenile sex offenders, the Ohio Supreme Court held that the AWA as applied to "*any other sex offender* who committed an offense prior to the enactment of S.B. 10, violates Section 28, Article II of the Ohio

Constitution, which prohibits the General Assembly from enacting retroactive laws." (Emphasis added.)   *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 22.   *See also State v. Gingell*, 128 Ohio St.3d 444, 2011-Ohio-1481, 946 N.E.2d 192; *State v. Ortega-Martinez*, 8th Dist. No. 95656, 2011-Ohio-2540; *State v. Ogletree*, 8th Dist. No. 96438, 2011-Ohio-5846.

{¶14} Furthermore, the Ohio Supreme Court recently found the automatic and lifetime sex-offender registration imposed upon juvenile offenders by the Adam Walsh Act to be unconstitutional.   In *In re C.P.*, Slip Opinion No. 2012-Ohio-1446, the court held that R.C. 2152.86 violated both the defendant's right to due process of law and   the United States and Ohio constitutional prohibitions against cruel and unusual punishment.  Thus, the trial court did not err in dismissing Roey's indictment.

{¶15} Accordingly, the second assignment of error is overruled.

{¶16} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR