[Cite as *State v. Thurman*, 2016-Ohio-3064.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103578**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## ANTHONY THURMAN

DEFENDANT-APPELLEE

## JUDGMENT:
DISMISSED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-00-391601-ZA

**BEFORE:** S. Gallagher, J., E.A. Gallagher, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 19, 2016

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Gregory J. Ochocki
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio    44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender
By: John T. Martin
Assistant Public Defender
Courthouse Square Suite 200
310 Lakeside Avenue
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

**{¶1}** The appeal is dismissed for the lack of jurisdiction. The state appealed the trial court's decision granting Anthony Thurman's motion to terminate postrelease control. The trial court concluded that the imposition of postrelease control was void ab initio, and in light of the fact that Thurman had been released from his prison term at the time of the motion, any sentencing error was beyond correction. *State v. Douse*, 8th Dist. Cuyahoga No. 98249, 2013-Ohio-254, ¶ 13. The state appealed under the mistaken belief that the trial court's decision was appealable as a matter of right.

**{¶2}** The state may file an appeal as a matter of right, under R.C. 2945.67(A), only if (1) the trial court granted a motion to dismiss, a motion to suppress evidence, or a motion for the return of seized property; (2) the trial court granted a motion for postconviction relief pursuant to R.C. 2953.21 to 2953.24; or (3) the appeal involves a direct appeal from the defendant's sentence under R.C. 2953.08(B). If the decision does not fall into any of those categories, the state is required to seek leave for the appeal. R.C. 2945.67(A).

**{¶3}** A trial court's decision terminating the postrelease control sanctions does not fall into any one of the enumerated categories for which the state's appeal can be filed as a matter of right. *State v. Crawford*, 5th Dist. Richland No. 07 CA 8, 2007-Ohio-3516, ¶ 17. The decision did not grant a motion to dismiss, suppress evidence, or return seized property. In addition, especially in the situation when the motion is filed well outside the time period in which a petition for postconviction relief must be filed, a defendant may

collaterally attack the void judgment without resorting to a motion for postconviction relief. *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus (motion to vacate a void sentence is an appropriate vehicle to challenge a facially illegal sentence). And finally, the termination of postrelease control does not implicate a sentencing appeal pursuant to R.C. 2953.08(B). *Crawford* at ¶ 18-25. The trial court's decision was not one from which the state could appeal as a matter of right. A motion for leave to appeal was required.

{¶4} The state filed its appeal in this case; however, it did so without concurrently seeking leave of this court within 30 days of the judgment as required by App.R. 5(C). The failure to timely file a motion for leave to appeal is jurisdictional and cannot be corrected after the filing deadline expired. *State ex rel. Steffen v. Judges of the Court of Appeals for the First Appellate Dist.*, 126 Ohio St.3d 405, 2010-Ohio-2430, 934 N.E.2d 906, ¶ 27 (the state failed to file the motion for leave concurrent with the notice of appeal and therefore the trial court patently and unambiguously lacked jurisdiction); *State v. Roey*, 8th Dist. Cuyahoga No. 97484, 2012-Ohio-2207, ¶ 9 (failure to request leave when required is jurisdictional); *Crawford* at ¶ 26. "If the state is required to seek leave for an appeal but fails to timely do so, the appellate court never obtains jurisdiction over the matter." *State v. Powers*, 10th Dist. Franklin Nos. 15AP-422 and 15AP-424, 2015-Ohio-5124, ¶ 11, citing *Roey*.

{¶5} In light of the foregoing, we lack jurisdiction and the appeal is dismissed.

It is ordered that appellee recover of appellant costs herein taxed. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR