[Cite as *In re D.S.*, 2021-Ohio-2516.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

IN RE D.S., ET AL.                    :

    [Appeal by state of Ohio]    :    Nos. 109943, 110058, and 110064

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  DISMISSED
**RELEASED AND JOURNALIZED:** July 22, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. DL-20100124, DL-20101495, and DL-20100123

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Anthony T. Miranda and Morgan Austin, Assistant Prosecuting Attorneys, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Britta Barthol, Assistant Public Defender, *for appellee* D.E.

The Law Office of Jaye M. Schlachet, Jaye M. Schlachet and Eric M. Levy, *for appellee* G.S.

Timothy Young, Ohio Public Defender, and Lauren Hammersmith, Assistant State Public Defender, *for appellee* D.S.

KATHLEEN ANN KEOUGH, J.:

{¶ 1} In this consolidated appeal, the state of Ohio appeals the decision of the Cuyahoga County Court of Common Pleas, Juvenile Division ("juvenile court") denying the state's request to seek a serious youth offender ("SYO") specification after the juvenile court denied the state's request for discretionary bindover, but before accepting D.S., G.S., and D.E.'s (collectively "the juveniles") admissions to the complaints and adjudicating them each delinquent. For the reasons that follow, we dismiss the appeal for lack of jurisdiction.

## I. Procedural Background

{¶ 2} The juveniles attacked and carjacked a 62-year-old woman. The victim suffered serious physical injuries, including a broken arm that required surgery, and broken teeth. The state filed a complaint against each juvenile in the juvenile court, alleging that each juvenile was a delinquent child for committing the offenses of aggravated robbery, a first-degree felony, in violation of R.C. 2911.01(A)(3); robbery, a second-degree felony, in violation of R.C. 2911.02(A)(2); robbery, a third-degree felony, in violation of R.C. 2911.02 (A)(3), felonious assault, a second-degree felony, in violation of R.C. 2903.011(A)(1); and grand theft, a fourth-degree felony, in violation of R.C. 2913.02(A)(1).

{¶ 3} Based on the ages of the juveniles and the offenses, each juvenile was subject to discretionary bindover and a discretionary SYO specification. The complaints did not contain an SYO specification, however, within eight days of filing the complaints, the state filed in each case a motion for an order to relinquish

jurisdiction for the purpose of criminal prosecution pursuant to R.C. 2152.10(B).[1]  In each filing, the state moved the juvenile court to hold a bindover hearing to determine whether the court, in its discretion, would relinquish jurisdiction and transfer the juveniles to the general division for criminal prosecution.  The details of the hearings regarding each juvenile is discussed separately below.

### A.  IN RE D.S.

{¶ 4} On July 1, 2020, following D.S.'s waiver of a probable cause hearing, the juvenile court scheduled a hearing to consider the state's bindover request and conduct an amenability hearing.  On August 26, 2020, the juvenile court conducted an amenability hearing and considered testimony and evidence from the victim and Detective Thomas Kloock.  Following the hearing, the juvenile court determined that D.S. was amenable to care and rehabilitation within the juvenile system and denied the state's request to transfer.[2]

{¶ 5} Following the court's decision and a sidebar with the parties, counsel for D.S. advised the court that D.S. wished to admit to the allegations in the complaint.  The state objected and orally notified the court of its intent to seek an SYO dispositional sentence pursuant to R.C. 2152.13.  The state stressed that filing the requisite notice was impossible because the amenability hearing had continued

---

[1] Regarding the complaint against G.S., the state filed its request to transfer on the same day the complaint was filed.

[2] Although the juvenile court issued a verbal decision regarding amenability and transfer, it did not journalize its decision until August 31, 2020.

after the normal hours of court and the clerk's office was closed for the day. The prosecutor stated:

> It's the State's position that pursuant to Revised Code Section 2152.13(A)(4) that the State does have 20 days after — if the original complaint does not request a Serious Youth Offender dispositional sentence that the State can file with Juvenile Court a written notice seeking intent of a Serious Youth Offender dispositional sentence within 20 days. The State had every intention of doing that here today. It's my understanding that the State will not be permitted to enter that sort of written notice.
>
> It's the State's belief that, you know, we don't file Serious Youth Offender indictments on every single case knowing that, you know, this is a possible avenue. If the legislature did not want this sort of avenue to exist, they would not have included it in the [R]evised [C]ode. Clearly, the [R]evised [C]ode accounts for this sort of scenario where a juvenile is found amenable to Juvenile Court and then the State can then proceed with the Serious Youth Offender indictment. The State would have, had it not have been prevented from doing so here today.

(Tr. 88-89.) The state further advised the court that the "mark" or plea offer on the file always included an SYO agreed sentence, which was relayed to defense counsel in June. The state expressed its belief that the case should have been transferred to the General Division for criminal prosecution, but in light of the court's ruling, the state would now seek an SYO indictment. The prosecutor stated:

> We believe that currently we are being prevent[ed] from doing so. It's our position that oral notice is sufficient given that we cannot provide written notice filed with the Clerk's Office since the decision has been handed down this afternoon.

(Tr. 90-91.)

**{¶ 6}** Defense counsel responded that if the state were considering the SYO, "[the state] had plenty of time to refile this complaint and attach an SYO." (Tr. 92.)

**{¶ 7}** The juvenile court acknowledged that the amenability decision was not issued until after 4:30 p.m. It disagreed with the state, however, that oral notice was sufficient under to R.C. 2152.13(A)(4). The court stated:

> I appreciate the State making an argument that the Court is by proceeding with this plea denying them or circumventing their ability to exercise their right to file this, but we also have to consider the rights of that young man who is right there who is charged with a crime.
>
> And he was not given the ability to admit to the complaint at any given point in time until this Court made that decision today. Because once a motion for an order to relinquish jurisdiction is filed, the Court cannot take any sort of admission or plea on that case until [that motion is resolved].
>
> So while I think this a unique circumstance, I believe that [D.S.] has a right as an alleged delinquent to admit to the complaint and shouldn't have to be able to sit there and wait for the State to then go back and file a Serious Youth Offender. And I could absolutely be wrong and that might be something that you guys want to take up, but as it sits here right now in my reading of this statute, I believe that a written notice needs to be filed.

(Tr. 94-95.)

**{¶ 8}** The juvenile court overruled the state's objections and proceeded with an adjudicatory hearing, where D.S. admitted to the allegations in the complaint. The juvenile court declared D.S. delinquent and scheduled a dispositional hearing. The juvenile court journalized its order declaring D.S. a delinquent child on September 1, 2020.

**{¶ 9}** Despite the juvenile court's denial of its request to file its notice of intent to seek an SYO disposition prior to the juvenile court's adjudication of D.S. as a delinquent child, the state filed its written Notice of Intent to Seek SYO on September 4, 2020.

**B. IN RE G.S.**

{¶ 10} On June 29, 2020, following G.S.'s waiver of a probable cause hearing, the juvenile court scheduled a hearing to consider the state's bindover request and conduct an amenability hearing. On September 17, 2020, the juvenile court conducted an amenability hearing and considered testimony and evidence from the victim. Prior to the start of the hearing, the state filed its "Notice of Intent to file a Notice of Intent to Seek a Serious Youth Offender Specification Upon the Finding of Ameanability [sic]," notifying G.S. and the court that the state would seek an SYO dispositional sentence if the juvenile court denied bindover and found G.S. amenable to care and rehabilitation in the juvenile system.

{¶ 11} Following the hearing, the juvenile court determined that G.S. was amenable and denied the state's request to transfer.[3] Based on this determination, counsel for G.S. immediately expressed G.S.'s desire to admit to the complaint. The state objected and noted that it previously filed its notice indicating its intent to seek an SYO sentence. The prosecutor stated:

> It is the State's position, your Honor, that this motion is sufficient to put the Court on notice that we do intend to seek a Serious Youth Offender Specification in regards [sic] to this juvenile.
>
> The motion does state that should the juvenile be found amenable today, which he has been, that we would seek to pursue that Serious Youth Offender Specification and that we are within the statutory timeframe pursuant to Revised Code Section 2152.13(A)(4)(b) that permits the State of Ohio to file this notice upon a finding of amenability as along as that notice is filed within 20 days.

---

[3] Although the juvenile court issued a verbal decision regarding amenability and transfer, it did not journalize its decision until September 22, 2020.

* * *

> And we would therefore object to any admission being entered today by the alleged delinquent.

(Tr. 64-65.)

**{¶ 12}** The juvenile court overruled the state's objection, finding that the state's filing was premature because no determination on the state's motion to transfer had been made prior to filing. The court specifically stated:

> I'm going to overrule your objection.
>
> The Court made its decision at 12:48 and the Court finds that this was filed at 12:00 before the Court found the child to be amenable.
>
> The Court finds that the child does have a Constitutional right and a right to enter an admission to a Complaint or to an indictment when charged[,] as charged at any given point when there is not a motion for a transfer on the table.

(Tr. 65.)

**{¶ 13}** G.S. then entered his admissions to the complaint and the court declared G.S. to be a delinquent child. The juvenile court's order adjudicating G.S. delinquent and its decision finding the state's notice as premature, was journalized on September 23, 2020. The journal entry also determined that the state's "Notice of Intent to File a Notice of Intent to Seek a Serious Youth Offender Specification" was not a pleading "recognized by law." Following the hearing, the state filed its written Notice of Intent to Seek a Serious Youthful Offender Specification.[4]

---

[4] This notice was filed on September 17, 2020, at 1:24 p.m. This filing was thus after the court made its verbal pronouncement regarding amenability, but prior to the juvenile court journalizing its order.

**C. IN RE D.E.**

{¶ 14} On July 1, 2020, following D.E.'s waiver of a probable cause hearing, the juvenile court scheduled a hearing to consider the state's bindover request and amenability hearing. On September 17, 2020, the juvenile court conducted an amenability hearing.[5] Prior to the start of the hearing, the state filed "State's Notice of Intent to file a Notice of Intent to Seek a Serious Youthful Offender Specification," notifying D.E. and the court that the state would seek an SYO dispositional sentence if the juvenile court denied bindover and found D.E. amenable to care and rehabilitation in the juvenile system.

{¶ 15} Following the hearing, the juvenile court took the matter under advisement and continued the case for the purposes of issuing a decision. On October 7, 2020, the juvenile court determined that D.E. was amenable to care or rehabilitation within the juvenile system and denied the state's request to transfer.[6] Based on this determination, counsel for D.E. immediately expressed D.E.'s desire to admit to the complaint. The state objected and noted that the juvenile court announced it decision denying the state's request for transfer at 10:53 a.m. The prosecutor informed the court that another prosecutor was contemporaneously

---

[5] A transcript of this hearing was not filed with this court.

[6] Although the juvenile court issued a verbal decision regarding amenability and transfer, it did not journalize its decision until October 9, 2020.

filing a Notice of Intent to Seek an SYO in the clerk's office.[7]  The judge stated that she did not have the filing in her possession and until she did, she would accept D.E.'s admissions to the complaint.

{¶ 16} During the colloquy with D.E., the court interjected, "[The notice] was filed at 10:52.  It was before the Court issued its decision."  (Tr. 14.)  The court then continued with the colloquy, accepted D.E.'s admissions, and declared D.E. a delinquent child.  The juvenile court then discussed the state's file-stamped copy of its Notice of Intent to Seek an SYO.  It found the state's filing "premature" because according to the time-stamp on the notice, it was filed at 10:52 a.m. — "therefore, the Court will find that it is not in compliance with Revised Code Section 2152.13." (Tr. 21.)

{¶ 17} The juvenile court then continued the matter for a dispositional hearing.  The juvenile court's order adjudicating D.E. delinquent and finding the state's notice premature was journalized on October 14, 2020.

## II.  Jurisdiction

{¶ 18} The state now appeals the decisions by the juvenile court denying the state's request to seek a serious youth offender specification pursuant to R.C. 2152.13(A)(4)(b).

---

[7] The state anticipated the juvenile court's decision regarding bindover, and further anticipated that the juvenile court would employ the same procedural maneuver as it had when conducting the hearing with G.S.  Accordingly, the state had a prosecuting attorney waiting in the clerk's office to file the Notice of Intent to Seek an SYO once the juvenile court announced its decision denying the state's request for bindover.

{¶ 19} The juveniles have sought dismissal for lack of a final appealable order. Additionally, G.S. and D.E. contend that the state did not timely seek leave to appeal or seek leave in accordance with App.R. 5(C). Because both of these arguments affect this court's jurisdiction to consider the issue on appeal, we are obligated to resolve these jurisdictional arguments. Although the parties have fully briefed these issues for our review, this court has a duty to examine, sua sponte, potential deficiencies in jurisdiction. *See, e.g., Scheel v. Rock Ohio Caesars Cleveland, L.L.C.*, 8th Dist. Cuyahoga No. 105037, 2017-Ohio-7174, ¶ 7.

{¶ 20} Section 3(B)(2), Article IV of the Ohio Constitution establishes that courts of appeals "shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the courts of appeals within the district." The Ohio Supreme Court has interpreted this constitutional provision to mean that "'the state has no absolute right of appeal in a criminal matter [or juvenile delinquency proceeding] unless specifically granted such right by statute.'" *State ex rel. Steffen v. Judges of the Court of Appeals for the First Appellate Dist.*, 126 Ohio St.3d 405, 2010-Ohio-2430, 934 N.E.2d 906, ¶ 18, quoting *State v. Fisher*, 35 Ohio St.3d 22, 24, 517 N.E.2d 911 (1988); R.C. 2945.67(A).

{¶ 21} R.C. 2945.67 governs appeals by the state. It provides that a state may appeal as a matter of right certain specified proceedings. If the decision of the trial court does not fall into any one of those categories, the state is required to seek leave for the appeal — the state "may appeal by leave of the court to which the appeal is

taken any other decision, except the final verdict, * * * of the juvenile court in a delinquency case." R.C. 2945.67(A).

{¶ 22} In this case, the juvenile court's decision to proceed directly with adjudication after denying the state's request for transfer, thereby preventing the state from seeking an SYO dispositional sentence pursuant to R.C. 2152.13(A)(4)(b), does not fall into any one of the categories for which the state may appeal as a matter of right. The state concedes this fact. Accordingly, the state was required to seek leave of court.

{¶ 23} Pursuant to App.R. 5(C):

When leave is sought by the prosecution from the court of appeals to appeal an order of the trial court, a motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the order sought to be appealed. * * * Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App. R. 3 and file a copy of the notice of appeal in the court of appeals. * * *

{¶ 24} Accordingly, the motion for leave must be filed with the court of appeals (1) within 30 days from the entry of the order being appealed, and (2) concurrently with the filing of the notice of appeal in the trial court. A copy of the notice of appeal must also be filed in the court of appeals. As will be discussed, failure to follow these procedural and time requirements divests this court of jurisdiction.

{¶ 25} In *Steffen*, 126 Ohio St.3d 405, 2010-Ohio-2430, 934 N.E.2d 906, the Ohio Supreme Court concluded that a court of appeals patently and unambiguously lacks jurisdiction to proceed when an appeal is not filed pursuant to the

requirements of R.C. 2945.67(A) and App.R. 5(C). In that case, the state attempted to appeal a decision by the trial court granting a defendant a new penalty-phase trial. The court determined that because the state was not appealing as a matter of right, it had to seek leave to appeal pursuant to the "'procedural requirements of App.R. 5 and time requirements of App.R. 4(B).'" *Id.* at ¶ 27, quoting *State v. Wallace*, 43 Ohio St.2d 1, 330 N.E.2d 697 (1975), syllabus. The court noted that the state did not file its motion for leave to appeal concurrently with its notice of appeal, but only sought a delayed motion for leave to appeal after the defendant requested that the state's appeal be dismissed for lack of jurisdiction. The court concluded that the court of appeals lacked jurisdiction over the state's appeal because even though the state filed for leave to appeal, "the motion was not filed within 30 days of the * * * entry being appealed, and it was not filed concurrently with the state's notice of appeal. Because the state did not comply with the requirements of App.R. 5, the court of appeals patently and unambiguously lacked jurisdiction over the state's appeal." *Id.* at ¶ 28. *See also State v. Fisher*, 35 Ohio St.3d 22, 25, 517 N.E.2d 911 (1988) (request for leave must be concurrently filed with the notice of appeal).

{¶ 26} Following *Steffen*, this court has held that failure to follow App.R. 5(C) divests this court of jurisdiction. *See State v. Thurman*, 8th Dist. Cuyahoga No. 103578, 2016-Ohio-3064, ¶ 4 (state filed its appeal, but did so without concurrently seeking leave of this court within 30 days of judgment as required by App.R. 5(C)); *State v. Roey*, 8th Dist. Cuyahoga No. 97484, 2012-Ohio-2207 (failure to request leave when required is jurisdictional); *State v. Waycaster*, 8th Dist. Cuyahoga No.

108476, 2020-Ohio-1604 (court lacks jurisdiction when state does not seek leave to appeal as required under App.R. 5(C) and R.C. 2945.67(A)); *see also In re K.S.*, 192 Ohio App.3d 472, 2011-Ohio-755-949 N.E.2d 558 (2d Dist.) (where the state initiates an appeal without filing the requisite motion for leave to appeal, the court of appeals lacks jurisdiction).

{¶ 27} Recently, the Second District considered the term "concurrently" in the context of App.R. 5(C). *In re G.W.*, 2d Dist. Montgomery No. 28580, 2020-Ohio-300. In that case, the state filed a timely notice of appeal, but four days later filed its motion for leave to appeal. The court determined that the state failed to file the notice of appeal and request for leave "concurrently," and thus, it lacked jurisdiction to consider the state's discretionary appeal. The state asked the court to find that it "sufficiently complied" with App.R. 5(C). The Second District declined to adopt a sufficient compliance standard, and concluded that the phrase "concurrently," as found in App.R. 5(C) means "on the same day." *Id.* at ¶ 7. Moreover, it held that the procedural and time requirements of App.R. 5 are to be "strictly construed." *Id.* at ¶ 8-9, citing *State ex rel. T.L.M. v. Judges of First Dist. Court of Appeals*, 147 Ohio St.3d 25, 2016-Ohio-1601, 59 N.E.3d 1260, ¶ 12 ("the state is strictly held to the requirements of App.R. 5 when appealing by leave of court").

{¶ 28} Our review of each record in the appeals before this court reveal that the state failed to strictly comply with App.R. 5(C) because it did not concurrently file its motion for leave to appeal with this court when it filed its notice of appeal in

the juvenile court.  And in the case of G.S., the state's motion for leave to appeal was not timely filed with this court.

{¶ 29} In each case, the state timely filed its notice of appeal with the juvenile court.  However, instead of filing its motion for leave to appeal with this court, it only filed the motion in the juvenile court.  The state contends that this concurrent filing in the juvenile court satisfies App.R. 5(C) because "it had no choice but to submit the motion to the clerk of courts for the trial court."  *See* State's Brief Regarding Jurisdiction, *In re G.S.*, Case No. 110058, p. 2.  Accordingly, the state maintains that its appeals were timely and in accordance with App.R. 5(C), and any delay in the transfer of the documents to the court of appeals must be attributed to the clerk of the juvenile court.  The state's blame is misplaced.

{¶ 30} Although the state timely and concurrently filed its motions for leave and notices of appeal with the juvenile court, App.R. 5(C) put the onus on the state as the appealing party to file the requisite motion for leave and copy of the notice with this court, not the juvenile court.  In fact, App.R. 5(C) does not require the state to even file a copy of its motion for leave with the juvenile court.  The tribunal considering whether leave should be granted is the appellate court; thus, it logically follows that the motion is filed only with the court of appeals.

{¶ 31} It appears that the procedure employed by the state in these cases is its normal practice when seeking to appeal from a juvenile court decision.  Although its normal practice may be sufficient to perfect an appeal of right, it is not in accordance with the appellate rules when seeking leave to appeal.  *See, e.g., Agee v.*

*Cty. of Cuyahoga*, 8th Dist. Cuyahoga No. 103464, 2016-Ohio-2728, ¶ 9, quoting *Kauder v. Kauder*, 38 Ohio St.2d 265, 267, 313 N.E.2d 797 (1974) (appellant's possible reliance to her detriment upon an informal local practice, although unfortunate, cannot alter the operation of [the appellate rules]).

{¶ 32} Pursuant to the plain and unambiguous language in App.R. 5(C), the state is required to file its motion for leave with the court of appeals within 30 days of the entry of the order the state is appealing. This motion is required to be filed concurrently when the state files its notice of appeal in the juvenile court. In a practical sense, the state would initiate the appeal by filing its notice of appeal with the juvenile court, and then, on the same day, file with the court of appeals its motion for leave to appeal along with a file-stamped copy of the notice of appeal. This procedure did not occur in these appeals.

## A. IN RE D.S.

{¶ 33} The juvenile court journalized its order adjudicating D.S. a delinquent child on September 1, 2020. The state filed its notice of appeal and motion for leave to appeal with the juvenile court on September 11, 2020. However, the motion for leave to appeal was not filed with this court until September 15, 2020. Although the motion for leave was timely filed pursuant to App.R. 5(C), it was not concurrently filed with this court when the state filed its notice of appeal with the juvenile court. Accordingly, the state failed to properly invoke the jurisdiction of this court to consider its appeal.

**B. IN RE G.S.**

{¶ 34} On September 23, 2020, the juvenile court journalized its order adjudicating G.S. a delinquent child and finding premature the state's notice of intent to seek an SYO specification. The state filed its notice of appeal and motion for leave to appeal with the juvenile court on October 21, 2020. However, the motion for leave to appeal was not filed with this court until October 27, 2020 — beyond the thirty-day time period set forth in App.R. 5(C). The motion for leave was untimely and was not concurrently filed with this court when the state filed its notice of appeal with the juvenile court. Accordingly, the state failed to properly invoke the jurisdiction of this court to consider its appeal.

**C. IN RE D.E.**

{¶ 35} On October 14, 2020, the juvenile court journalized its order adjudicating D.E. a delinquent child and finding premature the state's notice of intent to seek an SYO specification. The state filed its notice of appeal and motion for leave to appeal with the juvenile court on October 22, 2020. However, the motion for leave to appeal was not filed with this court until October 29, 2020. Although the motion for leave was timely filed pursuant to App.R. 5(C), it was not concurrently filed with this court when the state filed its notice of appeal with the juvenile court. Accordingly, the state failed to properly invoke the jurisdiction of this court to consider its appeal.

## III. Conclusion

{¶ 36} This court recognizes the significance of the legal issue set forth in the state's combined merit brief. However, because the state failed to follow the procedural and time requirements of App.R. 5(C) in its appeal of the decisions issued by the juvenile court in these cases, this court lacks jurisdiction to consider the appeals.

{¶ 37} Dismissed.

It is ordered that appellees recover from appellant costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN T. GALLAGHER, J., CONCUR