[Cite as *In re D.S.*, 2022-Ohio-2408.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | |
|---|---|
| IN RE D.S. | : |
| A Minor Child | : |
| | : |
| | No. 110778 |
| | : |
| [Appeal by the State of Ohio] | : |
| | : |

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 14, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL-20-100124

---

## *Appearances:*

Timothy Young, Ohio Public Defender, and Lauren Hammersmith, Assistant State Public Defender, *for appellant.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Catherine M. Coleman, Assistant Prosecuting Attorney, *for appellee.*

EMANUELLA D. GROVES, J.:

{¶ 1} We are presented with the continuation of the state's attempt to obtain appellate review of an alleged practice by a juvenile court judge that, according to the state, deprives it of a statutory mechanism for seeking a serious youthful offender ("SYO") dispositional sentence in juvenile court. *See In re D.S.*, 8th Dist. Cuyahoga Nos. 109943, 110058, and 110064, 2021-Ohio-2516. The state claims that the trial court's practice of allowing a juvenile to admit to the complaint immediately after denying the state's motion for discretionary bindover to common pleas court without giving the state 20 days within which to file a notice of intent to seek an SYO sentence is impermissible. For the reasons that follow, we sustain the state's assignment of error in part and affirm the judgment of disposition.

## Procedural and Factual History

{¶ 2} On January 7, 2020, a complaint was filed in the Cuyahoga County Juvenile Court asserting that D.S. had committed acts that would constitute felonies of aggravated robbery, robbery, felonious assault, and grand theft if committed by an adult. A hearing was conducted the same day before a magistrate where D.S., represented by counsel, denied the allegations in the complaint and was remanded to a detention facility.[1] On January 15, 2020, the state filed a motion to relinquish jurisdiction to the general division for criminal prosecution. A probable cause hearing was waived by D.S. as stated in a July 1, 2020 journal entry.

---

[1] D.S. was later released pending resolution of the juvenile court case.

{¶ 3} On August 26, 2020, the juvenile court held an amenability hearing. The court found that D.S. was amenable to rehabilitation in the juvenile justice system and would not be bound over to the general division. After this decision, counsel for D.S. indicated that D.S. would admit to the allegations in the complaint. (Tr. 87-88.) The state objected, asserting that it was its intention to seek an SYO sentence. Additionally, the state argued that it had provided an oral notice of its intention. (Tr. 88.) The state also mentioned that the clerk's office was closed, which prevented the state from filing any written notice. *Id.* It was further argued that oral notice was sufficient given the lack of effective means to file a written notice. (Tr. 90-91.) A motion for a continuance was also denied. (Tr. 91-92.) The juvenile court proceeded with a colloquy to accept D.S.'s admissions.

{¶ 4} The juvenile court, in an entry filed August 31, 2020, determined that D.S. was amenable to rehabilitation within the juvenile system. In an entry filed September 1, 2020, the court journalized its acceptance of D.S.'s admissions to the allegations in the complaint, found D.S. delinquent, and set the matter for disposition in the future. On September 4, 2020, the state filed a notice of intent to seek an SYO sentence. This was followed by a notice of appeal on September 11, 2020.

{¶ 5} This court granted the state's motion for leave to appeal. However, on July 22, 2021, the appeal was dismissed because the state did not comply with App.R. 5 when seeking leave to appeal. *D.S.*, 8th Dist. Cuyahoga Nos. 109943, 110058, 110064, 2021-Ohio-2516.

{¶ 6} On August 2, 2021, the juvenile court held a dispositional hearing. The court merged all the counts into a single count of aggravated robbery and placed D.S. into the legal custody of the Department of Youth Services for a minimum of two years, up to D.S.'s twenty-first birthday. The court then suspended commitment and placed D.S. on two years of community control.

{¶ 7} The state timely filed a motion for leave to appeal on August 26, 2021. The Ohio Public Defender was appointed counsel to represent D.S., who filed a brief in opposition. On September 30, 2021, this court granted leave, noting that the state conceded that any decision of the court will not disturb the juvenile court's order of disposition in D.S.'s case. The state assigned the following assignment of error:

### Assignment of Error

The trial court erred in accepting the juvenile's admission to the complaint within twenty days of its decision not to transfer the case when the state expressed its intention to seek a serious youthful offender sentence.

### Law and Analysis

{¶ 8} First, we must outline the parameters of the present appeal. In its appellate brief, the state argues facts related to other juveniles that are not a part of the present appeal. These cases are not before the court. The state cites to its own motion for leave to appeal when setting forth these facts, but that motion is not part of the appellate record that a court may review to determine whether a court erred. App.R. 9 defines the record an appellate court may consider, and there is no provision that allows the state to add items to the record by attaching them to

motions unrelated to a motion to supplement or correct the record under App.R. 9(E) or a different provision of App.R. 9. Therefore, the only case before this court involves D.S.

{¶ 9} Further, in D.S.'s case there is no indication that the state filed or attempted to file a notice of intent to seek an SYO sentence. The transcript indicates that the state gave oral notice and argued this was sufficient because the clerk's office was closed. (Tr. 88.) At the hearing, the state indicated that the trial court's oral discretionary bindover decision was handed down after the clerk's office was closed and it could not file a written notice. The state did not attempt to file the notice with the trial court pursuant to Civ.R. 5(E)[2] on the record. The state argued, "It's our position that oral notice is sufficient given that we cannot provide written notice filed with the clerk's office since the decision has been handed down this afternoon." (Tr. 90-91.) The trial court found that oral notice was insufficient pursuant to R.C. 2152.13(A)(4). (Tr. 93.)

{¶ 10}The objection raised and the questions preserved for review are whether oral notice is sufficient and whether the trial court erred in proceeding to accept D.S.'s admissions to the complaint without giving the state 20 days to file a notice of intent to seek an SYO sentence after the trial court denied the state's motion for discretionary bindover.

---

[2] Filing is defined in Civ.R. 5(E): "The filing of documents with the court, as required by these rules, shall be made by filing them with the clerk of court, except that the judge may permit the documents to be filed with the judge, in which event the judge shall note the filing date on the documents and transmit them to the clerk."

{¶ 11} This case does not involve a situation where the state filed a written notice of intent to seek an SYO sentence prior to the trial court's decision to deny a motion for discretionary bindover or a race by the state to file a notice immediately upon the oral announcement of the trial court's bindover decision. Even though the state argues those factual scenarios and presents facts from other cases in its brief and motion for leave to appeal, those facts are not before us.

{¶ 12} Pursuant to R.C. 2945.67(A),

> [a] prosecuting attorney, * * * may appeal as a matter of right any * * * decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, * * * or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, * * * of the juvenile court in a delinquency case.

The appeal here falls under the "any other decision" portion of this statute. "A court of appeals has discretionary authority pursuant to R.C. 2945.67(A) to review substantive law rulings made in a criminal case which result in a judgment of acquittal so long as the judgment itself is not appealed." *State v. Bistricky*, 51 Ohio St.3d 157, 555 N.E.2d 644 (1990), syllabus. Therefore, we will examine the legal issue of whether the juvenile court must provide the state with a means of seeking an SYO sentence when, immediately following its amenability decision, the juvenile court allows a juvenile to admit to the indictment without giving the state 20 days within which to file a notice of intent to seek an SYO dispositional sentence.

**Oral Notice**

{¶ 13} R.C. 2152.021(A)(1) provides that a prosecutor may seek an SYO dispositional sentence by grand jury, bill of information, by request in a delinquency complaint, or by filing with the juvenile court a written notice of intent to seek an SYO dispositional sentence.  Where a discretionary SYO sentence is at issue,

> a juvenile court may impose a serious youthful offender dispositional sentence on a child only if the prosecuting attorney of the county in which the delinquent act allegedly occurred initiates the process against the child in accordance with this division, and the child is an alleged delinquent child who is eligible for the dispositional sentence. The prosecuting attorney may initiate the process in any of the following ways:
>
> (1) Obtaining an indictment of the child as a serious youthful offender;
>
> (2) The child waives the right to indictment, charging the child in a bill of information as a serious youthful offender;
>
> (3) Until an indictment or information is obtained, requesting a serious youthful offender dispositional sentence in the original complaint alleging that the child is a delinquent child;
>
> (4) Until an indictment or information is obtained, if the original complaint does not request a serious youthful offender dispositional sentence, filing with the juvenile court a written notice of intent to seek a serious youthful offender dispositional sentence within twenty days after the later of the following, unless the time is extended by the juvenile court for good cause shown:
>
>> (a) The date of the child's first juvenile court hearing regarding the complaint;
>>
>> (b) The date the juvenile court determines not to transfer the case under section 2152.12 of the Revised Code.

R.C. 2152.13(A).  R.C. 2152.13(A)(4) goes on to state that after a written notice is filed "the juvenile court shall serve a copy of the notice on the child and advise the

child of the prosecuting attorney's intent to seek a serious youthful offender dispositional sentence in the case." The date that written notice is filed also triggers the juvenile's right to a speedy trial and other procedural mechanisms. R.C. 2152.13(C)(1)(c).

{¶ 14} Under the statute, oral notice is not sufficient. Filed written notice is required by the statute. The notice triggers time limitations that are not sufficiently clear or protected with oral notice:

> Pursuant to R.C. 2152.13(C)(1)(c), a juvenile's speedy trial right begins as of the date that the prosecuting attorney files the written notice of intent to seek a serious youthful offender disposition. In other words, when the state brings a complaint that does not initially include a SYO specification but instead later provides notice of its intent to seek an SYO disposition pursuant to R.C. 2152.13(A)(4) the child's speedy trial right attaches at the date the written notice is provided rather than the date that the prosecutor subsequently obtains an indictment.

*In re T.S.*, 2018-Ohio-3680, 108 N.E.3d 1287, ¶ 11 (8th Dist.). *See also In re E.S.*, 2020-Ohio-1029, 152 N.E.3d 1213, ¶ 21 (8th Dist.) ("[A] written notice of intent is required to trigger the juvenile's speedy trial right."). Therefore, the state's proposition argued during the hearing that oral notice is sufficient is incorrect. Written notice is required.

**Time to File Notice**

{¶ 15} The next legal question presented is whether the court must wait 20 days after its amenability determination before a juvenile can enter admissions to the charges in the complaint. The individualized question as presented by the state in this case is whether the trial court erred in not continuing the adjudicatory

hearing to allow the state time to file a notice of intent to seek an SYO sentence when D.S. indicated he wished to admit to the complaint.

{¶ 16} The statute, among other avenues, gives the state 20 days after the amenability determination to file a notice of intent to seek an SYO sentence. However, that is the maximum amount of time. The Supreme Court of Ohio has addressed a situation where a statutory provision provides a certain period within which to do something, but a different statutory section provides another period that may impact the first. *BST Ohio Corp. v. Wolgang*, 165 Ohio St.3d 110, 2021-Ohio-1785, 176 N.E.3d 31. In that case, the periods at issue dealt with filing a motion to vacate, modify, or correct an arbitration award and a motion to confirm an arbitration award. The lead opinion held,

> R.C. 2711.13 imposes a three-month limitation period for filing motions to vacate, modify, or correct arbitration awards. That limitation period is the maximum amount of time in which to file; it is not a guaranteed amount of time in which to file. When a party to an arbitration applies to confirm the award before the expiration of the three-month period after the award, any party that wishes to oppose confirmation must, within the three-month period, respond with a motion to vacate, modify, or correct the award, on the date of or before the hearing on the application to confirm. Failing to do so may result in the award being confirmed.

*Id*. at ¶ 32. The lead opinion concluded that just because the statute gave a party three months to file a motion to vacate, modify, or correct an arbitration award, that did not require a court to hold a motion to confirm an arbitration award filed sooner in order to give parties wishing to vacate, correct, or modify three months to file their own motion. A court could move ahead with the motion to confirm

prior to the expiration of the three-month period and decide the issues before it. *Id.* The concurring in judgment only opinion found that "nothing in the plain and unambiguous text of [R.C. 2711.09 and 2711.13] requires a court to wait three months before confirming an award under R.C. 2711.09." *Id.* at ¶ 38 (Fischer, J., concurring in judgment only).

{¶ 17} Under the lead opinions' view in *Wolgang*, once some separate triggering event occurs, parties may not stand idly by. They must timely assert their rights relative to the triggering event or lose them. However, it is plain from the statutory scheme in place for seeking an SYO sentence that the state will have at least an opportunity to file a notice of intent after the amenability decision. The trial court's actions preclude that. This concern was expressed by the dissenting opinion in *Wolgang*. *Id.* at ¶ 42 (Stewart, J., dissenting).

{¶ 18} *Wolgang* is informative in that the court found simply because a statute gives parties a certain period within which to do something does not mean that, as a matter of law, that may not be abridged by another statute. The holding of this court under review in *Wolgang* was that, as a matter of law, a court must wait three months before deciding a motion to confirm an arbitration award because a statute specified that a party had three months to file a motion to vacate, modify, or correct an arbitration award. *Id.* at ¶ 41. As the dissent articulated, the trial court should endeavor to reconcile the competing rights under the statutes. *Id.* at ¶ 40. In the dissent's view, a court may abuse its discretion when it does not do so for instance, by granting a continuance. *Id.* at ¶ 41.

**{¶ 19}** Similarly, the state has 20 days to file a notice of intent to seek an SYO disposition after a juvenile court decides to retain jurisdiction by deciding the juvenile is amenable to rehabilitation in the juvenile justice system. The juvenile sought to enter admissions to the complaint, negating the time within which the state could file a notice of intent to seek an SYO sentence. No statute specifically precludes the juvenile court from accepting these admissions and setting the case for disposition. R.C. 2151.28(A)(1) states that an adjudicatory hearing for delinquency will be conducted in accordance with the juvenile rules. In certain instances, Juv.R. 29 provides for a hearing within 15 day of the filing of the complaint. Juv.R. 29(A). A juvenile may theoretically admit to the allegations in the complaint at this adjudicatory hearing pursuant to Juv.R. 29(C), which may be held within the first 15 days of the case. There would be a statutory conflict between this rule, incorporated through R.C. 2151.28(A)(1), and R.C. 2152.13(A)(4)(a).[3] R.C. 2152.13(A)(4)(a) gives the state 20 days to file a notice of intent to seek a SYO sentence following the first hearing on the complaint, which could be this adjudicatory hearing or a preliminary hearing held pursuant to Juv.R. 30. If the court determines to retain jurisdiction, it could set the adjudicatory hearing prior to the expiration of the 20-day period the state has to file a notice of intent to seek an

---

[3] Generally, when there is a conflict between an Ohio rule of court and a statute, a reviewing court examines whether the issue is procedural or substantive in nature to determine which prevails. *Havel v. Villa St. Joseph*, 131 Ohio St.3d 235, 2012-Ohio-552, 963 N.E.2d 1270, ¶ 12. If it is procedural in nature the rule prevails. If it is substantive, then the statute prevails. But here, the statute incorporates the timing found in the rule. As a result, whether it is procedural or substantive, the rule would control.

SYO sentence. At an adjudicatory hearing that can be held within 15 days of the filing of a complaint, the juvenile can theoretically admit to the allegations of the complaint. This could then preclude the state from using either provision of R.C. 2152.13(A)(4).

{¶ 20} The party in *Wolgang* still had the ability to file a motion to vacate, correct, or modify; it just had to do so within a compressed time frame. Here, the state completely lost its ability to seek an SYO sentence pursuant to R.C. 2152.13(A)(4)(a). The trial court's actions vitiated this statutory provision. The statutory scheme and the Ohio Rules of Juvenile Procedure indicate that the filing of a notice of intent constitutes good cause for a continuance of proceedings, but they do not specifically require it.

{¶ 21} For instance, Juv.R. 29(A) provides that the adjudicatory hearing shall be scheduled within 15 days of the filing of the complaint or as soon as practicable. The rule also states, "The prosecuting attorney's filing of either a notice of intent to pursue or a statement of an interest in pursuing a serious youthful offender sentence shall constitute good cause for continuing the adjudicatory hearing date and extending detention or shelter care."

> The adjudicatory hearing *may* be continued if the prosecutor files "either a notice of intent to pursue or a statement of an interest in pursuing a serious youthful offender sentence." Juv.R. 29(A). The 2001 staff notes to Juv.R. 29(A) explain that the rule was amended to conform to R.C. 2152.13, which provides that "the prosecuting attorney has twenty days after a child's initial appearance in juvenile court within which to file a notice of intent to pursue a serious youthful offender dispositional sentence." The amended rule "grants [the state] a twenty-day time period for making the charging decision."

(Emphasis added.) *In re J.P.*, 2022-Ohio-539, 185 N.E.3d 626, ¶ 25 (1st Dist.). The adjudicatory hearing *may* be continued, but the juvenile court is not required to continue the adjudicatory hearing. Juv.R. 29(A) only indicates that the filing is good cause for a continuance. However, a trial court may also abuse its discretion when it does not do so.

{¶ 22} The case is before this court to address an independent legal question: Whether the trial court, as a matter of law, must wait 20 days after an amenability determination before accepting admissions to a complaint. Based on the above, we find that a juvenile court does not have to wait. However, a juvenile court may abuse its discretion if it denies a continuance to give the state an opportunity to file a notice of intent to seek an SYO sentence once it makes that intention clear. It may similarly abuse its discretion if it does not grant a continuance or refuses to accept the filing with the court of a notice of intent to seek an SYO sentence when the juvenile court announces its decision after the clerk's office is closed, precluding the state from filing such a notice other than by presentation to the judge.

**Discretion to Grant a Continuance**

{¶ 23} We now turn to the decision of the juvenile court in denying the state's motion for a continuance. "The determination whether to grant a continuance is entrusted to the broad discretion of the trial court." *State v. Froman*, 162 Ohio St.3d 435, 2020-Ohio-4523, 165 N.E.3d 1198, ¶ 91, citing *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981), syllabus. Absent some blanket policy

where a court does not exercise its discretion, whether a court abuses its discretion in granting a continuance is an individual analysis dependent on the facts of each case, which is generally inappropriate for an appeal under *Bistricky*, 51 Ohio St.3d 157, 555 N.E.2d 644 (1990). *See State ex rel. Ramirez-Ortiz v. Twelfth Dist. Court of Appeals*, 151 Ohio St.3d 46, 2017-Ohio-7816, 85 N.E.3d 725, ¶ 13. The state argues that the juvenile court expressed a blanket policy when denying the state's motion for a continuance.

{¶ 24} When deciding to move forward and allow the juvenile to enter admissions to the complaint, the juvenile court stated the following:

> I don't think that verbal notice is enough in looking at Revised Code 2152.13(A)(4). It specifically says that until an indictment or information is obtained if the original complaint does not request a Serious Youthful Offender dispositional sentence filing with the Juvenile Court, a written notice of intent to seek a Serious Youthful Offense dispositional sentence within 20 days after the later of the following unless the time is extended by the Juvenile Court for good cause shown. And then it includes the date of the child's first Juvenile Court hearing or the date the Juvenile Court determines not to transfer the case under 2152.12.

> I appreciate the State making an argument that the Court is by proceeding with this plea denying them or circumventing their ability to exercise their right to file this, but we also have to consider the rights of that young man who is right there who is charged with a crime.

> And he was not given the ability to admit to the complaint at any given point in time until this Court made that decision today. Because once a motion for an order to relinquish jurisdiction is filed, the Court cannot take any sort of admission or plea on that case until the State of Ohio withdraws that motion because the purpose of that motion is to determine what the proper jurisdiction is, Juvenile Court or the General Division.

So while I think this is a unique circumstance, I believe that [D.S.] has a right as an alleged delinquent to admit to the complaint and shouldn't have to be able to sit there and wait for the State to then go back and file a Serious Youthful Offender [notice]. And I could absolutely be wrong and that might be something that you guys want to take up, but as it sits here right now in my reading of this statute, I believe that a written notice needs to be filed. *And when someone indicates to me that they wish to admit to the charges as they are charged with, I'm going to allow them to do so.*

(Emphasis added.) (Tr. 93-95.)

{¶ 25} Here, the juvenile court weighed the competing interests, but also stated a policy that anytime following its amenability decision that a juvenile wished to enter admissions to the complaint, it will allow that rather than grant the state a continuance to file a notice of intent to seek an SYO sentence. To the extent the juvenile court expressed a blanket policy that it will always allow a juvenile to admit to charges rather than weighing the interests of the parties and considering all the facts and circumstances of the case, the court erred. Such a blanket policy indicates that the court will not exercise its discretion, which itself constitutes an abuse of discretion. *State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474, ¶ 12, quoting *Black's Law Dictionary* 125 (10th Ed.2014) ("[A]n 'arbitrary' decision is one made 'without consideration of or regard for facts [or] circumstances.'").

{¶ 26} As a matter of law, the juvenile court does not have to wait 20 days following its amenability decision to accept admissions to the complaint. However, a court may abuse its discretion in either refusing to accept a notice for filing pursuant to Civ.R. 5(E) or in not continuing the proceedings to give the state an opportunity to file a notice when the state makes clear its intention to file such a

notice but is precluded from doing so, as in this case, because the clerk's office is closed. We decline to address the individualized and particularized question of whether a juvenile court would abuse its discretion in denying a continuance in all the permutations presented by the state except to say that the application of a blanket policy without weighing the interests of the parties is an abuse of discretion.

{¶ 27} We find that the juvenile court erred to the extent that it applied a blanket policy when deciding the state's motion for a continuance. We therefore sustain the state's assignment of error in part. Pursuant to *Bistricky*, 51 Ohio St.3d 157, 555 N.E.2d 644 (1990), and the state's concessions in the motion for leave to appeal, we affirm the juvenile court's judgment of disposition.

{¶ 28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____

EMANUELLA D. GROVES, JUDGE

MARY EILEEN KILBANE, P.J., and
MARY J. BOYLE, J., CONCUR